UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALVIN MOUNTJOY,

Plaintiff,

v.

BANK OF AMERICA HOME LOANS, BAC HOME LOANS, et al.,

Defendants.

No. 2:15-cv-02204-TLN-AC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court pursuant to Defendant Bank of America, N.A.'s ("Defendant BANA" or "BANA") motion to dismiss[1] Plaintiff's first amended complaint ("FAC"). (ECF No. 13.) Plaintiff Calvin Mountjoy ("Plaintiff") filed an opposition to Defendant BANA's motion. (ECF No. 15.) Defendant BANA filed a reply. (ECF No. 18.) The Court has carefully considered the arguments raised in Defendant BANA's motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, Defendant BANA's Motion to Dismiss is GRANTED in part and DENIED in part.

---

[1] Plaintiff filed a complaint against Defendant Bank of America, N.A. and subsequently amended his complaint to add Defendants Seterus, Inc., Federal National Mortgage Association, and Reconstrust. (ECF No. 10.) However, as of the date of entry of this order, only Defendant BANA has brought the instant motion to dismiss and the remaining Defendants have not joined in the motion nor filed answers to Plaintiff's FAC. The Court advises that, although other Defendants did not move for dismissal, it is probable that many of these claims could be dismissed as to other Defendants on similar grounds. Therefore, the Court recommends that Plaintiff take this into account and proactively remedy these issues in the amended complaint.

## I. FACTUAL BACKGROUND

At all relevant times, Plaintiff has owned and occupied the dwelling located at 8647 Adamstown Way, Elk Grove, County of Sacramento, California (the "Subject Property"). (Pl.'s FAC, ECF No. 10 at 5.) Defendant BANA was the Beneficiary of Plaintiff's Deed of Trust by virtue of assignment on the Subject Property. (Def.'s Req. for Jud. Not., ECF No. 14-1 at 2.)[2]

On May 6, 2009, Defendant BANA recorded a Notice of Default in the County of Sacramento on the Subject Property. (ECF No. 14-1 at 2.) On April 11, 2011, Defendant BANA foreclosed on the Subject property and sold it on April 12, 2011. (ECF No. 14-1 at 2.) However, Defendant BANA executed the foreclosure in error due to its failure to communicate timely with Plaintiff about conditions which would have warranted cancelation of the foreclosure sale. (ECF No. 14-1 at 2.) As a result, on June 5, 2012, Defendant BANA executed a rescission, which Plaintiff and Defendant BANA agree removed all force and effect of the foreclosure. (ECF No. 14-1 at 3.)

In or around 2012, Plaintiff filed a lawsuit in the Superior Court of California, County of Sacramento against Defendant BANA regarding the April 11, 2011, foreclosure of the Subject Property. (ECF No. 13-1 at 3.) On January 29, 2014, the parties entered a settlement agreement concerning the aforementioned lawsuit. (ECF No. 13-1 at 3.) The settlement agreement provided that Defendant BANA had to pay Plaintiff $395,000. (ECF No. 14-2 at 2.) Plaintiff also alleges that the settlement agreement provided that Defendant BANA "assist in any and all reviews of the home loan" and "to correct negative credit references to their credit." (ECF No. 10 at ¶ 4.) Throughout the settlement negotiations, Plaintiff continued to live at the Subject Property and alleges that the parties were never able to successfully negotiate a rental payment. (ECF No. 10 at ¶ 3.)

Sometime thereafter, Plaintiff's counsel and Defendant BANA's counsel began to work together to attempt to modify Plaintiff's home loan. (ECF No. 10 at ¶ 8.) At some point

[2] The Court hereby grants Defendant BANA's Request for Judicial Notice. (ECF No. 14.) The Court finds that the Notice of Rescission of Trustee's Deed Upon Sale (Ex. A), Stipulation for Settlement Code of Civil Procedure Section 664.6 and Order (Ex. B), and Order Granting Motion to Compel Enforcement of Settlement Agreement (Ex. C) are appropriate documents for judicial notice pursuant to Federal Rule of Evidence 201(b) and *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 2002).

thereafter, Defendant BANA "provided a contact person" for Plaintiff to communicate with during the loan modification process. (ECF No. 10 at ¶ 9; ECF No. 15 at 2.) However, Plaintiff alleges that Defendant BANA's counsel, Mr. Mark Wraight, stated that Plaintiff and his counsel should only communicate with Mr. Wraight. (ECF No. 10 at ¶ 10.) "Yet Mr. Wraight took the position that he had no reason to speak with [Plaintiff's] counsel, who was assisting him with the home loan modification process." (ECF No. 10 at ¶ 10.)

During the home loan modification process, Plaintiff alleges that Defendant BANA would tell Plaintiff that: he did not provide all documents; he did not sign the documents; or he did not send them in the correct manner. (ECF No. 10 at ¶ 21.) Plaintiff alleges on March 23, 2015, Mr. Wraight stopped all assistance with Plaintiff's home loan modification process. (ECF No. 10 at ¶ 12.) Sometime thereafter, Plaintiff states that Defendant BANA denied Plaintiff's attempted home loan modification. (ECF No. 10 at ¶ 20.)

Plaintiff further alleges that, sometime after settlement of the lawsuit, Defendant BANA sent Plaintiff a mortgage statement "alleging that he owed [on his loan] for time the title of the home had been taken out of his name," specifically during the time Plaintiff's home was in foreclosure. (ECF No. 10 at ¶ 13.) Defendant BANA alleges that Plaintiff owes approximately $100,000 in monthly mortgage payments, which "accrued between the time when the [Subject Property] was sold at foreclosure (April 12, 2011) and when the sale was rescinded (June 5, 2012)." (ECF No. 13-1 at 3–4.) Plaintiff alleges that the amount Defendant BANA claims he owes on the mortgage is incorrect and "[Defendant BANA] failed to clarify a correct pay off amount to Plaintiff" to this date. (ECF No. 10 at ¶ 3.)

Subsequently, Defendant BANA transferred servicing of Plaintiff's loan to Defendant Seterus. (ECF No. 10 at ¶ 23.) Likewise, Plaintiff's "home loan was sold to Federal National Mortgage Association" ("FNMA"). (ECF No. 10 at ¶ 25.) Subsequently, FNMA filed an unlawful detainer against Plaintiff and sought to evict him. (ECF No. 10 at ¶26.) Finally, Plaintiff alleges in his opposition that Defendant Seterus has foreclosed on the Subject Property for an improper amount.[3] (ECF No. 15 at 2.)

[3] In Defendant BANA's reply, it "accepts the allegation that Plaintiff was foreclosed on by Seterus, but since

Plaintiff brings this suit against Defendants BANA, Seterus, Inc. ("Seterus"), Federal National Mortgage Association ("FNMA"), and Recontrust for: 1) Violation of the California Homeowners Bill of Rights ("CHBR"); 2) Fraud; 3) Fraudulent Misrepresentation; 4) Negligence; 5) Negligent Misrepresentation; 6) Violation of California Business and Professions Code § 17200; and 7) Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (ECF No. 10.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

---

BANA has not serviced the loan in nearly a year, it had no role in any subsequent foreclosure." (ECF No. 18 at 8 n.3.)

factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## III. ANALYSIS

### A. Count I: Violation of the California Homeowners Bill of Rights

Plaintiff alleges Count I against all Defendants, stating that Defendants violated their obligations under the California Homeowners Bill of Rights ("CHBR") to work with Plaintiff to modify his home loan by failing to provide him with an accurate accounting of the amount owed. (ECF No. 10 at ¶ 45.) Plaintiff also alleges that Defendants did not properly communicate with Plaintiff about the loan modification process, also in violation of the CHBR. (ECF No. 10 at ¶¶ 46, 49.) However, the CHBR contains multiple different causes of action and Plaintiff does not specify in his complaint under which subset of the law he brings his claim. In his opposition, Plaintiff further states that Defendant BANA specifically violated California Civil Code Section 2923.7(a) of the CHBR by failing to provide Plaintiff with a single point of contact to discuss foreclosure preventative alternatives. (ECF No. 15 at 6.) Plaintiff's opposition does not specify any other allegations as to the other Defendants. (ECF No. 15 at 5–6.)

Defendant BANA argues that Plaintiff's CHBR claim is insufficient because the complaint does not identify which statute was allegedly violated or how those statutory provisions were violated. (ECF No. 13-1 at 5.) Defendant BANA also argues that, even if the Court accepts Plaintiff's contention in his opposition that Defendant BANA violated section 2923.7 by not providing a contact person, Plaintiff did not provide a factual basis to support this claim. (ECF No. 18 at 3.)

To state a claim pursuant to the California Homeowners Bill of Rights, a plaintiff must plead "(1) a material violation of one of the enumerated code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages." *Heflebower v. JPMorgan Chase Bank*, NA, No. 1:12–CV–1671, 2014 WL 897352, at *12 (E.D.

Cal. March 6, 2014) (citing *Rockridge Trust v. Wells Fargo*, N.A., 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013)). Statutory damages may be awarded for "material" violations of Cal. Civ. Code Section 2923.7 where the violation is "intentional or reckless, or resulted from willful misconduct by a mortgage servicer." *Ortiz v. Seterus, Inc.*, No. LA CV 16-01110 JAK (JEMx), 2016 WL 2968007, at *5 (C.D. Cal. May 18, 2016) (citing Cal. Civ. Code § 2924.12(b)).

With respect to the first element, although Plaintiff alleges that Defendants have "materially violated their obligations," Plaintiff fails to stipulate which enumerated code section he is referring to in the CHBR. (ECF No. 10 at ¶¶ 44–52.) In light of the fact that Plaintiff's FAC does not specify which provision Defendants allegedly violated, Plaintiff's claim fails to satisfy the first element of this cause of action under the CHBR.

Plaintiff attempts to cure this deficiency in his opposition, by stating that he is bringing this claim under Cal. Civ. Code Section 2923.7(a). (ECF No. 15 at 6.) However, "[t]he focus of any Rule 12(b)(6) dismissal ... is the complaint." *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998). This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). *Id.* (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993)). In light of the fact that Plaintiff attempts to bring this new allegation under his opposition and it is not plead in his FAC, the Court will not consider it unless Plaintiff brings it under an amended complaint. Therefore, the Court finds that Plaintiff's claim is insufficiently pled and GRANTS Defendant BANA's motion. The Court dismisses Plaintiff's first cause of action as to Defendant BANA only with leave to amend.

B. <u>Count II: Fraud</u>

Plaintiff brings his second cause of action against all Defendants, alleging that Defendants "willfully and materially misrepresented the amount of money that is owed on Plaintiff's loan." (ECF No. 10 at ¶ 54.) Plaintiff asserts that "[c]ounsel for Defendants failed to clarify a correct pay off amount to Plaintiff" and that his "home loan modification was denied for frivolous reasons." (ECF No. 10 at ¶¶ 19–20.)

To establish a cause of action for fraud a plaintiff must show "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation"

and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013) (quoting *Conrad v. Bank of America*, 45 Cal.App.4th 133, 157 (1996)). "[W]hen the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (2009) (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)). Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). A plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (2009).

Plaintiff alleges that Defendants had "special knowledge and expertise regarding mortgage and financial lending" that they "used to manipulate" Plaintiff. (ECF No. 10 at ¶ 55.) Plaintiff asserts that Defendants "created a scheme to deny modifications [and] make it impossible to obtain correct information regarding [his] loan." (ECF No. 10 at ¶ 56.) Finally, Plaintiff alleges that Defendants "interfered with the attorney client relationship, fail[ed] to provide accurate information, gave false information, and utilized Seterus to foreclose on Plaintiff." (ECF No. 10 at ¶ 56.)

Defendant BANA argues that Plaintiff had a contractual duty to make monthly payments and, consequently, it did not misrepresent the amount Plaintiff owed. (ECF No. 13-1 at 6–7.) Defendant BANA also contends that Plaintiff's fraud claim does not meet the heightened pleading requirements because he is "unable to allege any viable theory of reliance or resulting damage." (ECF No. 13-1 at 8.) Finally, Defendant BANA argues that Plaintiff fails to enumerate "who made the fraudulent representations," what was said or written, and when those conversations occurred, thereby inadequately pleading a claim for fraud. (ECF No. 13-1 at 8.) The Court agrees.

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the

fraud." *Heflebower v. JPMorgan Chase Bank*, NA, No. 1:12-CV-1671 AWI SMS, 2014 WL 897352, at *6 (E.D. Cal. Mar. 6, 2014) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 997–98 (9th Cir.2011)). "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Rosal v. First Federal Bank of California*, 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996)).

Plaintiff confusingly groups together accusations against all Defendants in his fraud cause of action, thereby failing to meet the heightened pleading requirements of Rule 9(b). Plaintiff does not allege how each individual Defendant misrepresented either the amount Plaintiff owed or the promise to modify his loan. Plaintiff's vague statements about Defendants creating "a scheme to deny modifications" and failing "to provide accurate information" do not point to specific actions taken by any particular defendant. (ECF No. 10 at ¶ 56.) Furthermore, though Plaintiff states Defendants have "special knowledge and expertise regarding mortgage and financial lending," he fails to specify which Defendants he is referring to and how that applies to his claim of "manipulation" by Defendants. (ECF No. 10 at ¶ 55.) Therefore, the Court finds that Plaintiff has not adequately pled facts to the level of particularity required pursuant to Rule 9(b). Accordingly, the Court GRANTS Defendant BANA's motion to Plaintiff's second cause of action and dismisses Count II as to Defendant BANA with leave to amend.

C. Count III: Fraudulent Misrepresentation

Plaintiff's third cause of action is very similar to his second claim in that he reasserts that all named Defendants "willfully and knowingly misrepresented to Plaintiff the amount of money that he owes to Bank of America on his home loan." (ECF No. 10 at ¶ 58.) Plaintiff also alleges that "Defendants have sent billing statements to Plaintiff … misleading Plaintiff to believe he owes money he does not." (ECF No. 10 at ¶ 59.) Plaintiff asserts that Defendants agreed to "assist in any and all review of [his] loan" but that Defendants made that promise "with no intention to follow through." (ECF No. 10 at ¶ 61.)

Defendant BANA argues that "although Plaintiff may disagree with his legal obligation to

pay what he was legally required to, there is no misrepresentation." (ECF No. 13-1 at 7.) Defendant BANA also asserts that "Plaintiff is unable to allege any viable theory of reliance or resulting damage," thereby failing to "satisfy the minimum requisite elements to support a fraud claim." (ECF No. 13-1 at 8.) Finally, Defendant BANA argues that Plaintiff's claim fails because it is inadequately pled. (ECF No. 13-1 at 8.)

The elements of fraudulent misrepresentation under California law are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Davis v. Molina*, No. 1:14-CV-01554 LJO DLB PC, 2015 WL 5882319, at *5 (E.D. Cal. Oct. 5, 2015) (citing *Okun v. Morton*, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988)).

*i. Misrepresentation*

Although Plaintiff names all Defendants in this claim, Plaintiff limits his factual support to his assertion that Defendant BANA "sent [Plaintiff] a mortgage statement alleging that he owed for time the title of the home had been taken out of his name." (ECF No. 10 at ¶ 18.) Plaintiff alleges that he "had asked for a correct pay off amount before payments would be made, but it never materialized." (ECF No. 10 at ¶ 17.) Plaintiff also alleges that Defendant BANA "had illegally taken [Plaintiff] out of title by wrongfully foreclosing" and, thus, "the duties of title were no longer present." (ECF No. 10 at ¶ 19.) Additionally, Plaintiff asserts that "[Defendant BANA] would lie and say that [Plaintiff] did not provide all documents" and, "[a]t deadlines to present documents, they would state they had no waiver on file and could not communicate with [Plaintiff's] counsel." (ECF No. 10 at ¶ 21.) Finally, Plaintiff alleges that, at the settlement conference, Defendant BANA agreed to "assist in any and all review of the home loan" but then later "stopped all assistance on the modification." (ECF No. 10 at ¶¶ 4 & 12.)

The Ninth Circuit has emphasized that Rule 9(b) requires that plaintiffs plead with particularity the circumstances and must state with specificity what made any of the representations false. *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1000-01 (N.D. Cal. 2009) (citing *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir.1994)). "[A] representation ordinarily will give rise to a cause of action for fraud or deceit only if it is a representation of fact

rather than opinion. *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Assn.*, 205 Cal. App. 3d 1415, 1423 (Ct. App. 1988) (citing Civ. Code §§ 1572, 1710). Plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and "mere conclusory allegations of fraud are insufficient." *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1140 (E.D. Cal. 2013).

The Court finds that Plaintiff alleged sufficient factual support to adequately plead the first element of fraudulent misrepresentation as to Defendant BANA. Plaintiff alleges that "[Defendant BANA] agreed to … assist in any and all reviews of the home loan" but later "stopped all assistance on the modification." (ECF No. 10 at ¶¶ 4 & 12.) Plaintiff also asserts generally that all "Defendants have willfully and knowingly misrepresented … the amount of money that [Plaintiff] owes to Bank of America on his home loan." (ECF No. 10 at ¶ 58.) Finally, Plaintiff alleges generally that all "Defendants have sent billing statements … misleading Plaintiff to believe he owes money he does not, as well as telling him the incorrect amount." (ECF No. 10 at ¶ 59.) Additionally, Plaintiff has properly specified the details of his cause of action to satisfy the requirement that he state the time, place, and nature of the alleged fraudulent activity. *Khan*, 975 F. Supp. 2d 1127 at 1140. Accordingly, Plaintiff has adequately pled the fraud element of misrepresentation as to Defendant BANA.

*ii. Knowledge of Falsity*

As has been stated, Plaintiff argues that Defendant BANA "willfully and knowingly misrepresented" the amount Plaintiff owes on his home loan. (ECF No. 10 at ¶ 58.) Plaintiff also alleges that Defendant BANA's counsel "agreed to assist in any and all review of Plaintiff's loan" but had "no intention to follow through with the promise." (ECF No. 10 at ¶ 60.) Plaintiff has alleged that Defendant BANA knew that the representation was false when it was made, or that Defendant made the representation recklessly and without regard for its truth. *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 605-06 (2014) (citing *Perlas v. GMAC Mortgage*, LLC, 187 Cal.App.4th 429, 434 (2010)). As such, Plaintiff has pleaded the element of knowledge of falsity for fraudulent misrepresentation as to Defendant BANA only.

/ / /

*iii. Intent to Induce Reliance*

As to the third element, intent to deceive and induce reliance, Plaintiff alleges that Defendant BANA offered to assist in the review of his home loan and "provided a contact person." (ECF No. 10 at ¶¶ 4 & 9.) Additionally, Plaintiff alleges that Defendant's in house counsel "assured Plaintiff's counsel that they would not foreclose until Defendants provided an accurate accounting." (ECF No. 10 at ¶ 65.) The Court finds that Plaintiff has set forth sufficient facts to support his allegation that Defendant BANA intended for Plaintiff to rely on this representation. Therefore, Plaintiff has met this element in regards to Defendant BANA only.

*iv. Justifiable Reliance*

Plaintiff also alleges that, due to Defendant BANA promising to help with the modification process, "counsel for Plaintiff began to work with staff … to provide documents to BANA for a modification." (ECF No. 10 at ¶ 8.) Plaintiff asserts that "[a]fter being advised that [Defendant BANA] would not foreclose, Plaintiff relied on the representation and waited for answers." (ECF No. 10 at ¶ 66.) The Court finds this allegation to be sufficient to meet the fourth element of justifiable reliance with respect to Defendant BANA only.

*v. Resulting Damages*

Finally, Plaintiff meets the final element of damages because he alleges that he "continues to suffer mental and emotional stress of not knowing what is happening to his home from day to day and the harassing collection calls, and the continuing threat of eviction." (ECF No. 10 at ¶ 29.) Additionally, Plaintiff states he is "seeing his physician on a regular basis for physical conditions resulting from and exasperated by stress, including a heart condition." (ECF No. 10 at ¶ 30.) Thus, Plaintiff has met the standard articulated in Rule 9(b).

Based on the facts Plaintiff alleged, the Court finds Plaintiff has adequately pled his cause of action for fraudulent misrepresentation against Defendant BANA. As such, Defendant BANA's motion to dismiss Plaintiff's third cause of action is DENIED.

D. Count IV: Negligence

Plaintiff fails to identify against which defendant he brings his negligence claim in his first two allegations. However, Plaintiff identifies only Defendant BANA throughout the rest of

his cause of action. Therefore, the Court interprets Plaintiff's negligence claim to be brought against Defendant BANA only.

Plaintiff alleges that Defendant BANA had a duty to service his loan truthfully and accurately, and Defendant BANA has breached its duty to Plaintiff by misrepresenting the amount of money he owed on his loan. (ECF No. 10 at ¶¶ 63–64.) Plaintiff states that Defendant BANA "failed to clarify a correct pay off amount to Plaintiff." (ECF No. 10 at ¶ 19.) Similarly, Plaintiff alleges that Defendant BANA breached its duty by foreclosing on the Subject Property after it promised not to foreclose until it provided Plaintiff with an accurate accounting of what he owed on his mortgage. (ECF No. 10 at ¶ 65.)

Defendant BANA argues that Plaintiff is "mistaken" about his "obligation for the monthly mortgage payments" and that Plaintiff has made "erroneous" assertions. (ECF No. 13-1 at 8–9.) Defendant BANA's argument is a factual assertion that contradicts Plaintiff's FAC. On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). Therefore, the Court will disregard Defendant BANA's arguments about Plaintiff's "erroneous" assertions and will look only to Defendant BANA's final argument that Plaintiff's negligent misrepresentation claim is inadequately pled because they are not factually and specifically pled. (ECF No. 13-1 at 10.)

The elements of a cause of action for negligence are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Keen v. American Home Mortg. Servicing Inc.*, 664 F. Supp. 2d 1086, 1096 (E.D. Cal. 2009) (quoting *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)). "The question of the existence of a legal duty of care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir.2000). "Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, except[ ] those imposed due to special circumstance." *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d 1206, 1214 (9th Cir.1994).

"Special circumstances arise when a lender actively participates in the financed enterprise." *Keen*, 664 F. Supp. 2d at 1096. "[W]hile a loan modification is a renegotiation of loan terms, the relationship between the parties differs from that of the original lender and borrower relationship because the parties are now in privity." *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 954 (E.D. Cal. 2015); *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal.App.4th 941, 944 (2014) (a special relationship was created when "defendants undertook to review plaintiffs' loans for potential modification").

As has been stated, Plaintiff alleges that Defendant BANA agreed to "assist in any and all reviews of the home loan." (ECF No. 10 at ¶ 4.) Also, Plaintiff asserts that "[Defendant BANA] home loan modifications provided a contact person" for Plaintiff. (ECF No. 10 at ¶ 9.) Plaintiff alleges that Defendant BANA's "counsel stopped all assistance on the modification, indicating that [they] would no longer assist in the modification." (ECF No. 10 at ¶ 12.) Plaintiff has pled specific facts to support his allegation that Defendant owed him a duty of care. Additionally, Plaintiff has sufficiently alleged that Defendant BANA breached that duty by not continuing to assist him with his loan modification. Finally, Plaintiff has adequately shown that this breach of duty directly and proximately caused him to not receive a loan modification and caused the filing of an unlawful detainer against him. (ECF No. 10 at ¶¶ 22–26.) Accordingly, the Court finds that Plaintiff has stated a claim for negligence and Defendant BANA's motion to dismiss Plaintiff's negligence cause of action is DENIED.

E. Count V: Negligent Misrepresentation

Under his claim for negligent misrepresentation, Plaintiff alleges similar facts to his fraudulent misrepresentation cause of action. Plaintiff brings this cause of action against all Defendants, asserting that "Defendants have negligently misrepresented to Plaintiff the amount of money that he owes to Bank of America on his home loan." (ECF No. 10 at ¶ 72.) However, Plaintiff specifically identifies only Defendant BANA, stating that Defendant BANA "took no care in servicing the loan [or] reporting to credit bureaus." (ECF No. 10 at ¶ 74.) Defendant BANA argues that "Plaintiff's negligent misrepresentation claim fails since it is inadequately pled. (ECF No. 13-1 at 9.) Therefore, the Court interprets this claim to lie only against

Defendant BANA because Plaintiff fails to identify any other Defendants in the remaining part of his negligent misrepresentation cause of action. (ECF No. 10 at ¶¶ 71–74.)

"The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true." *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 938, 956 (E.D. Cal. 2015) (citing *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006)). In light of the fact that this Court has already found that Plaintiff has adequately pled sufficient facts to state a claim for fraudulent, or intentional, misrepresentation, the Court also finds that Plaintiff has properly stated a claim for negligent misrepresentation. *See*, Section III.C.i.–v., *supra*. Therefore, Defendant BANA's motion to dismiss Plaintiff's fifth cause of action is DENIED.

F. Count VI: Violation of Business and Professions Code § 17200

Plaintiff brings a claim against all Defendants, alleging Defendants have taken advantage of him and "sent him bills that he did not understand" or that, Plaintiff specifically states, Defendant BANA would not explain to him. (ECF No. 10 at ¶ 76.) Plaintiff also asserts that Defendants have been negligent in processing, billing, and servicing the loan even though they have knowledge of the prior lawsuit, settlement, and damages. (ECF No. 10 at ¶ 77.) Plaintiff alleges Defendants have "used their special knowledge in mortgage and finance to deceive Plaintiff about the amount of money he owes on his home loan." (ECF No. 10 at ¶ 78.) Defendant BANA, however, argues that Plaintiff's claim "fails as a matter of a law" because he has failed to satisfy the requirements of Section 17200, the Unfair Competition Law ("UCL"). (ECF No. 13-1 at 10–12.)

The California UCL outlaws as unfair competition "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Heflebower v. JPMorgan Chase Bank, NA*, No. 1:12-CV-1671 AWI SMS, 2014 WL 897352, at *11 (E.D. Cal. Mar. 6, 2014) (citing Cal. Bus. & Prof. Code § 17200). A plaintiff need only meet one of three criteria to state a claim for unfair competition by pleading that a defendant engaged in unlawful,

unfair, or fraudulent conduct. *South Bay Chevrolet v. Gen. Motors Accept. Corp.*, 72 Cal.App.4th 861, 878, 85 Cal.Rptr.2d 301 (1999). The purpose of California's unfair competition law is to protect consumers as well as competitors by promoting fair competition for goods and services in commercial markets. *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 959 (E.D. Cal. 2015) (citing *Barquis v. Merch. Collection Ass'n*, 7 Cal.3d 94, 110, 101 Cal.Rptr. 745, 496 P.2d 817 (1972). To that end, the scope of the UCL is quite broad. *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002). A claim may be brought "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204.

With respect to *unlawful acts*, the California Supreme Court has held that Section 17200 " 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under 17200." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992) (emphasis added). Defendant BANA argues that Plaintiff failed to plead a causal link between his economic injury and the unfair or unlawful acts allegedly committed by Defendant and therefore lacks standing. (ECF No. 13-1 at 10.)

Plaintiff contends that his UCL claim is based on each allegation made in the FAC. (ECF No. 10 at ¶ 79.) In light of the fact that UCL claims "borrow" violations of other laws and treat these violations as actionable, Plaintiff's unlawful UCL claim can be tethered to his claims for purported fraudulent misrepresentation (Count III), negligence (Count IV), and negligent misrepresentation (Count V). *See Mullins v. Wells Fargo Bank, N.A.*, No. 2:13–cv–0453 JAM KJN PS, 2013 WL 5299181, at *11 (E.D.Cal.2013). As discussed earlier, Plaintiff has pled sufficient facts to support his causes of action for these three claims. *See*, Sections C, D, & E, *supra*. Accordingly, the Court finds that Plaintiff has sufficiently pled a claim under the unlawful prong of section 17200. For these reasons, Defendant BANA's motion to dismiss Plaintiff's sixth cause of action is DENIED.

G. <u>Count VII: Violation of the Rosenthal Fair Debt Collection Practices Act</u>

Plaintiff brings his final claim against all Defendants, alleging that Defendants have

violated the Rosenthal Fair Debt Collection Practices Act ("FDCPA") by continuously trying to collect money from Plaintiff that he does not owe on his home loan. (ECF No. 10 at ¶ 80.) Additionally, Plaintiff alleges Defendants have "failed to properly account and provide [him] with a proper accounting of the amount of money he owed." (ECF No. 10 at ¶ 81.) Finally, Plaintiff asserts that Defendant's agents harassed him "over his cellphone … for money he did not owe." (ECF No. 10 at ¶ 82.)

Defendant BANA argues that Plaintiff failed to allege facts that support an FDCPA violation. (ECF No. 13-1 at 12.) Defendant asserts that "Plaintiff does not allege what communications purportedly violated the RFDCPA—i.e. what misrepresentations were made . . . who made them, or when they were made." (ECF No. 13-1 at 12.) Alternatively, Defendant argues that, even if Plaintiff sufficiently alleged facts to support a FDCPA claim, a lender or loan servicer is not a debt collector within the meaning of the FDCPA. (ECF No. 13-1 at 12.) The Court agrees.

"In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Services Inc.*, 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011). "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perez v. Ocwen Loan Servicing, LLC*, No. 2:15-CV-1708 MCE KJN PS (TEM), 2015 WL 9286554, at *2 (E.D. Cal. Dec. 21, 2015) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiff's FAC states nothing about Defendant BANA, or any other defendant, being a "debt collector" pursuant to the provisions of the FDCPA. Additionally, Plaintiff fails to point to

any specific provision in the FDCPA that Defendants violated. The Court finds that Plaintiff has not alleged sufficient facts to satisfy the requirements to state a claim under the FDCPA. Accordingly, Defendant BANA's motion to dismiss Plaintiff's seventh cause of action is GRANTED with leave to amend as to Defendant BANA only.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Plaintiff's FAC. (ECF No. 10). With respect to Defendant BANA only, the Court orders as follows:

1. COUNT I is DISMISSED with leave to amend;
2. COUNT II is DISMISSED with leave to amend;
3. Defendant's Motion to Dismiss as to COUNT III is DENIED;
4. Defendant's Motion to Dismiss as to COUNT IV is DENIED;
5. Defendant's Motion to Dismiss as to COUNT V is DENIED;
6. Defendant's Motion to Dismiss as to COUNT VI is DENIED; and
7. COUNT VII is DISMISSED with leave to amend.

Should Plaintiff wish to file an amended complaint, such complaint must be filed within thirty days of the entry of this order.

IT IS SO ORDERED

Dated: August 8, 2016

Troy L. Nunley
United States District Judge