UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NA; SETERUS; FEDERAL NATIONAL MORTGAGE ASSOCIATION; RECONSTRUSTS; AND DOES 1-20<br><br>Defendants. | No. 2:15-cv-02204-TLN-DB<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff Calvin Mountjoy ("Plaintiff") Application for Temporary Restraining Order as to Defendant Federal National Mortgage Association's ("FNMA") enforcement of an order to vacate issued by the Superior Court of Sacramento, California. (ECF No. 22.) The Court has carefully considered Plaintiff's motion. For the reasons set forth below, Plaintiff's application is hereby DENIED.

**I.  FACTUAL BACKGROUND**

At all relevant times, Plaintiff has owned and occupied the dwelling located at 8647 Adamstown Way, Elk Grove, County of Sacramento, California (the "Subject Property"). (Pl.'s FAC, ECF No. 10 at 5.) Defendant Bank of America, N.A.'s ("BANA") was the Beneficiary of Plaintiff's Deed of Trust by virtue of assignment on the Subject Property. (Def.'s Req. for Jud.

1

Not., ECF No. 14-1 at 2.)

On May 6, 2009, Defendant BANA recorded a Notice of Default in the County of Sacramento on the Subject Property.  (ECF No. 14-1 at 2.)  On April 11, 2011, Defendant BANA foreclosed on the Subject property and sold it on April 12, 2011.  (ECF No. 14-1 at 2.)  However, Defendant BANA executed the foreclosure in error due to its failure to communicate timely with Plaintiff about conditions which would have warranted cancelation of the foreclosure sale.  (ECF No. 14-1 at 2.)  As a result, on June 5, 2012, Defendant BANA executed a rescission, which Plaintiff and Defendant BANA agree removed all force and effect of the foreclosure.  (ECF No. 14-1 at 3.)

In or around 2012, Plaintiff filed a lawsuit in the Superior Court of California, County of Sacramento against Defendant BANA regarding the April 11, 2011 foreclosure of the Subject Property.  (Motion to Dismiss, ECF No. 13-1 at 3.)  On January 29, 2014, the parties entered a settlement agreement concerning the aforementioned lawsuit.  (ECF No. 13-1 at 3.)  The settlement agreement provided that Defendant BANA had to pay Plaintiff $395,000. (ECF No. 14-2 at 2.)  Plaintiff also alleges that the settlement agreement provided that Defendant BANA "assist in any and all reviews of the home loan" and "to correct negative credit references to their credit."  (ECF No. 10 at ¶ 4.)  Throughout the settlement negotiations, Plaintiff continued to live at the Subject Property and alleges that the parties were never able to successfully negotiate a rental payment.  (ECF No. 10 at ¶ 3.)  Plaintiff further asserts that Defendant BANA failed to engage in the home loan modification process, ultimately denying Plaintiff's attempted modification.  (ECF No. 10 at ¶¶ 20–21.)  Defendant BANA alleges that Plaintiff owes approximately $100,000 in monthly mortgage payments, which "accrued between the time when the [Subject Property] was sold at foreclosure (April 12, 2011) and when the sale was rescinded (June 5, 2012)."  (ECF No. 13-1 at 3–4.)  Plaintiff alleges that the amount Defendant BANA claims he owes on the mortgage is incorrect and "[Defendant BANA] failed to clarify a correct pay off amount to Plaintiff" to this date.  (ECF No. 10 at ¶ 3.)

Subsequently, Plaintiff's home loan was sold to FNMA.  (ECF No. 10 at ¶ 25.)  Subsequently, FNMA filed an unlawful detainer against Plaintiff in the Superior Court of

California, Sacramento County seeking eviction. (ECF No. 22-3 at 3.) The Sacramento County Sheriff's Office then issued a notice that Plaintiff must vacate the property on Sunday, August 14, 2016. (ECF No. 22-3 at 2.) Based on this action, Plaintiff seeks the instant temporary restraining order.

## II.   LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

**III.    ANALYSIS**

Plaintiff moves the Court ex parte for a temporary restraining order seeking to halt the order to vacate Defendant FNMA obtained from the Superior Court.  However, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits.  The sum total of Plaintiff's analysis on this first requirement as set forth in his motion is as follows:

> Plaintiff is likely to succeed on the merits of the underlying Federal Case. Defendants took Mr. Mountjoy out of title and did not place him back in title until close to trial.  Not only did Bank of America not have title, but they made a strategic decision not to seek occupancy payments or negotiate for them before settlement of the case.  Bank of America had no legal right to demand three years of payment from Mr. Mountjoy after settlement of the case.  The federal court just recently denied Bank of America's request to dismiss Plaintiff's case.

(ECF No. 22-2 at 3.)  Plaintiff provides no legal analysis, nor does he even make direct reference to his claims in the instant action.  However, the Court's independent analysis finds that Plaintiff could not meet this threshold requirement.

First, Plaintiff states that this Court "recently denied Bank of America's request to dismiss Plaintiff's case."  (ECF No. 22-2 at 3.)  Plaintiff is incorrect.  The Court granted the motion in part, dismissing three of Plaintiff's seven counts.  (Order on Def's Mot. to Dismiss, ECF No. 21.) Plaintiff has not yet amended those causes of action, therefore the only causes of action at issue in this instant motion are: Count III  - Fraudulent Misrepresentation; Count IV - Negligence; Count V – Negligent Misrepresentation; Count VI - Violation of Business and Professions Code § 17200.  (ECF No. 21.)  Moreover, the mere fact that the Court declined to dismiss these claims is not evidence of Plaintiff's success on the merits.  The standard for a motion to dismiss requires only that the complaint give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  This bare minimum requirement is not sufficient to show a likelihood of success on the merits.

The burden in this instance is on Plaintiff to establish that these four remaining claims carry a likelihood of success on the merits.  *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014).  However, even the Court's independent analysis cannot find such likelihood.  To begin, the Court's order made clear that Count V and Count VI are reliant on

Counts III and IV and are viable claims only so long as those two causes of action are successful. (ECF No. 21 at 14–16.) With respect to Counts III and IV, Count III, Plaintiff's claim for fraudulent misrepresentation, requires that Plaintiff allege Defendant BANA "willfully and knowingly misrepresented" the amount Plaintiff owed on his home loan. (ECF No. 21 at 11.) There is no indication in the record that Plaintiff is able to establish the requisite scienter for this claim. While discovery may bear out these facts, the Court cannot determine the likelihood of such a reality at this juncture.

A similar problem arises with respect to Count IV, Plaintiff's negligence claim. Plaintiff asserts that Defendant BANA breached its duty of care by failing to service the loan truthfully and accurately. (ECF No. 21 at 13.) Defendant BANA responds that Plaintiff is factually mistaken in his understanding of the loan amount and payments owed. (ECF No. 21 at 13.) At this juncture, insufficient information has been provided for the Court to determine which party is correct as to this factual issue. Indeed, this matter may ultimately be one that may only be determined by the jury and not a legal issue upon which the Court can determine the likelihood of success.

For these reasons, the Court finds that Plaintiff has not met his burden of showing a likelihood of success on the merits in this case. Because Plaintiffs cannot meet the first prong, the Court need not address the rest of the prongs. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Temporary Restraining Order (ECF No. 22) is hereby DENIED.

IT IS SO ORDERED.

Dated: August 11, 2016

Troy L. Nunley
United States District Judge

5