UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>         Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA NA; SETERUS; FEDERAL NATIONAL MORTGAGE ASSOCIATION; RECONSTRUSTS; AND DOES 1-20<br><br>         Defendants. | No. 2:15-cv-02204-TLN-DB<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff Calvin Mountjoy's ("Plaintiff") Application for Temporary Restraining Order as to Defendant Federal National Mortgage Association's ("FNMA") attempt to enforce an order to vacate issued by the Superior Court of California. (ECF No. 27.) The Court has carefully considered Plaintiff's motion. For the reasons set forth below, Plaintiff's application is hereby DENIED.

**I.   FACTUAL BACKGROUND**

At all relevant times, Plaintiff has owned and occupied the dwelling located at 8647 Adamstown Way, Elk Grove, County of Sacramento, California (the "Subject Property"). (Pl.'s Second Am. Compl., ECF No. 27 at ¶ 5.) Defendant Bank of America, N.A.'s ("BANA") was the Beneficiary of Plaintiff's Deed of Trust by virtue of assignment on the Subject Property.

(Def.'s Req. for Jud. Not., ECF No. 14-1 at 2.)

On May 6, 2009, Defendant BANA recorded a Notice of Default in the County of Sacramento on the Subject Property. (ECF No. 14-1 at 2.) On April 11, 2011, Defendant BANA foreclosed on the Subject property and sold it on April 12, 2011. (ECF No. 14-1 at 2.) However, Defendant BANA executed the foreclosure in error due to its failure to communicate timely with Plaintiff about conditions which would have warranted cancelation of the foreclosure sale. (ECF No. 14-1 at 2.) As a result, on June 5, 2012, Defendant BANA executed a rescission, which Plaintiff and Defendant BANA agree removed all force and effect of the foreclosure. (ECF No. 14-1 at 3.)

In or around 2012, Plaintiff filed a lawsuit in the Superior Court of California, County of Sacramento against Defendant BANA regarding the April 11, 2011 foreclosure of the Subject Property. (Motion to Dismiss, ECF No. 13-1 at 3.) On January 29, 2014, the parties entered a settlement agreement concerning the aforementioned lawsuit. (ECF No. 13-1 at 3.) The settlement agreement provided that Defendant BANA had to pay Plaintiff $395,000. (ECF No. 14-2 at 2.)[1] Plaintiff also alleges that the settlement agreement provided that Defendant BANA "assist in any and all reviews of applicable modification programs concerning the subject loan." (ECF No. 26 at ¶ 24.) Plaintiff further asserts that Defendant BANA failed to engage in the home loan modification process, ultimately denying Plaintiff's attempted modification. (ECF No. 26 at ¶ 39.) Defendant BANA alleges that Plaintiff owes approximately $100,000 in monthly mortgage payments, which "accrued between the time when the [Subject Property] was sold at foreclosure (April 12, 2011) and when the sale was rescinded (June 5, 2012)." (ECF No. 13-1 at 3–4.)[2]

On or about May 18, 2015, Plaintiff's home loan was sold to FNMA. (ECF No. 26 at ¶ 43.) Subsequently, FNMA filed an unlawful detainer against Plaintiff in the Superior Court of California, Sacramento County seeking eviction. (ECF No. 27 at 4.) The Sacramento County

---

[1] Plaintiff indicates in his Second Amended Complaint that Defendant BANA did pay this amount. (ECF No. 26 at ¶ 116.)

[2] It is unclear from Plaintiff's briefing whether the Subject Property has been foreclosed upon following the alleged foreclosure rescission on June 5, 2012. However, clarification on this issue would not alter the Court's finding.

2

Sheriff's Office then issued a notice that Plaintiff must vacate the property on Sunday, August 14, 2016. (ECF No. 27 at 4.)  Plaintiff sought a temporary restraining order from this Court seeking to stay the Superior Court's order of eviction on August 11, 2016.  (ECF No. 22.)  The Court denied that request.  (ECF No. 24.)  Plaintiff then obtained a hardship stay in the unlawful detainer action until September 1, 2016.  (ECF No. 27 at 5.)  On August 31, 2016, Plaintiff again filed for a temporary restraining order against FNMA's enforcement of the eviction order.  (ECF No. 27.)

## II.    LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for*

3

*Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

### III. ANALYSIS

Plaintiff moves the Court ex parte for a temporary restraining order against the order to vacate which Defendant FNMA obtained from the Superior Court. Despite Plaintiff's persistence in filing a second motion seeking the same injunction, the Court finds that Plaintiff has failed to demonstrate his likelihood of success on the merits. Plaintiff asks this Court to enjoin Defendant FNMA, the current owner of the subject home loan, from enforcing its order for eviction. However, Plaintiff provides no facts by which the Court can conclude Plaintiff's likelihood of success in its claims against Defendant FNMA.

First, Plaintiff alleges that there is a likelihood of success of his claims in his Second Amended Complaint because Defendant BANA violated the Homeowner Bill of Rights by failing to provide Plaintiff with a singular point of contact regarding his loan modification. (ECF No. 27 at 8.) Plaintiff makes no such allegation against Defendant FNMA. Indeed, in Plaintiff's complaint, he brings this claim against only Defendants BANA and Seterus, not FNMA. (ECF No. 26 at ¶ 12.)

Second, Plaintiff alleges that there is a likelihood of success of various fraud claims in his Second Amended Complaint because Defendant BANA failed to provide Plaintiff with an accurate and complete accounting of his entire loan. (ECF No. 27 at 9.) Again, Plaintiff makes no mention of any action by FNMA that would constitute any of the varieties of fraud alleged in the Seconded Amended Complaint. Neither his motion for a temporary restraining order nor his complaint make specific allegations against FNMA.

Finally, Plaintiff alleges that there is a likelihood of success on his claim that Defendants have violated the Rosenthal Fair Debt Collection Practice Act ("FDCPA") by harassing Plaintiff with repeated calls. (ECF No. 27 at 10.) The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S. Code § 1692e. However, even if this Court found that FNMA has violated the

4

FDCPA in this way, such a violation would not be grounds for the reversal of an unlawful detainer action. *Baeza v. Assisted Credit Servs., Inc.*, 2016 WL 3912016, at *4 (C.D. Cal. July 19, 2016) (noting that violations of the FDCPA merit only a fine for the statutory violations, as well as reasonable attorneys' fees and costs). Therefore, likelihood of success on this cause of action is insufficient to warrant an injunction.

Irrespective of whether Plaintiff proves likelihood of success on the merits with respect to Defendant BANA, Plaintiff must show the Court how FNMA's current action would be implicated in these claims. Plaintiff has provided no analysis indicating that FNMA has violated the law or that FNMA is improperly exercising its rights on this loan. From Plaintiff's filings, the Court cannot determine what interactions Plaintiff had with FNMA. Plaintiff provides no specifics on the servicing of the loan after it came into FNMA's possession. Plaintiff leaves the Court with no avenue to enjoin FNMA from acting on the Superior Court's eviction order.

For these reasons, the Court finds that Plaintiff has not met his burden of showing a likelihood of success on the merits of this case. Because Plaintiffs cannot meet the first prong, the Court need not address the rest of the prongs. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Application for Temporary Restraining Order (ECF No. 27) is hereby DENIED.

IT IS SO ORDERED.

Dated: August 31, 2016

Troy L. Nunley
United States District Judge