UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A., SETERUS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, and RECONTRUST<br><br>Defendants. | No. 2:15-cv-02204-TLN-DB<br><br><br>**ORDER** |

This matter is before the Court on Defendant Seterus, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). (ECF No. 50.) Plaintiff Calvin Mountjoy ("Plaintiff") opposed the Motion. (ECF No. 59.) Defendant replied. (ECF No. 61.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

///
///
///
///
///

1

# I.  FACTUAL AND PROCEDURAL BACKGROUND

This action involves real property at 8647 Adamstown Way, Elk Grove, California.  (ECF No. 49 at ¶ 5.)   In or around 2012, Plaintiff filed a lawsuit ("*Mountjoy I*") in the Superior Court of California, County of Sacramento against Bank of America, N.A. ("BANA") for wrongful foreclosure of Plaintiff's home loan.  (*Id.* at ¶¶ 20–22.)  Plaintiff alleges on June 5, 2012, BANA rescinded the Notice of Default and wrongful sale.  (*Id.* at ¶ 21.)  *Mountjoy I* ended in a settlement between the parties on January 29, 2014.  (*Id.* at ¶ 22.)  Plaintiff alleges the settlement agreement required BANA to assist in any and all reviews of loan modification applications.  (*Id.* at ¶ 32.)

Sometime thereafter, Plaintiff began working with Severson & Werson, BANA's previous counsel, to complete and submit a completed loan modification application.  (ECF No. 49 at ¶ 34.)  Plaintiff alleges there was no contact person other than Severson & Werson until October 4, 2014, when BANA designated a specific contact person.  (*Id.* at ¶ 35.)  Plaintiff further alleges that sometime after the settlement of *Mountjoy I*, BANA sent him statements instructing him not to make payments and that Plaintiff relied on the belief that BANA was correcting the errors.  (*Id.* at ¶ 43.)  Plaintiff asserts Defendant failed to offer a full accounting of the loan, charged unexplained amounts, and subsequently alleged Plaintiff should have paid an occupancy fee even for the period in which he was not on the title.  (*Id.* at ¶ 44.)  On or about February 17, 2015, BANA denied Plaintiff's home loan modification application, and Plaintiff asserts BANA did not provide reasons for its denial.  (*Id.* at ¶¶ 42, 54.)

On March 11, 2015, Plaintiff alleges BANA informed him it would transfer servicing of the loan to Defendant. (ECF No. 49 at ¶ 82.) On or about April 14, 2015, BANA transferred the loan to Defendant and allegedly gave Defendant erroneous and misleading loan information knowing Defendant would use that information to foreclose on the loan and evict Plaintiff.  (*Id.* at ¶¶ 59, 99.) On May 13, 2015, Defendant recorded a Notice of Trustee Sale.  (*Id.* at ¶ 62.) Plaintiff alleges Defendant demanded full repayment of the loan on May 18, 2015.  (*Id.* at ¶ 82.)
///
///
///

Plaintiff asserts he requested a modification packet from Defendant and returned it by fax on June 12, 2015, but Defendant did not act on the completed package. (ECF No. 49 at ¶ 107.) The TAC contends Defendant did not provide a single point of contact after Plaintiff submitted a modification packet, and Defendant did not provide Plaintiff with a written acknowledgement of the receipt of his application packet within five days. (*Id.* at ¶¶ 109, 110.) Plaintiff asserts Defendant could not determine his eligibility for modification in the short amount of time in which it serviced the loan. (*Id.* at ¶ 103.) On June 23, 2015, Plaintiff's counsel contacted Defendant's in-house counsel who requested supporting documents from Plaintiff. (*Id.* at ¶ 96.) Plaintiff alleges his counsel informed Defendant verbally and in writing of the history of the loan and the need for an audit and modification. (*Id.* at ¶¶ 61, 113.) Despite Plaintiff's notice, he alleges Defendant proceeded with the foreclosure and recklessly disregarded the probability that he would suffer emotional distress. (*Id.* at ¶¶ 188–190.)

On June 26, 2015, Federal National Mortgage Association ("FNMA") bought Plaintiff's home at a foreclosure sale, and a Trustee's Deed Upon Sale was recorded. (ECF No. 49 at ¶ 63.) Following the sale to FNMA, Plaintiff alleges Defendant papered his door with foreclosure and eviction notices even though it was aware Plaintiff was represented by counsel and had asked to be noticed through counsel's office. (*Id.* at ¶ 66.) As a result of the foreclosure, Plaintiff states he had to go to the doctor on multiple occasions for heart pains. (*Id.*) In addition to the paper notices, Plaintiff alleges Defendant continually harassed him through automated collection calls to his home phone and cell phone. (*Id.* at ¶ 67.) Plaintiff believed he was in default on his home loan when Defendants attempted to collect a debt. (*Id.* at ¶ 72.) Plaintiff further alleges he was not allowed to access his heart medication and was only given two hours on selective weekdays to remove his property. (*Id.* at ¶¶ 69, 116.) Plaintiff states that he continues to suffer mental and emotional stress and sees a physician on a regular basis for physical conditions resulting from and exasperated by stress, including a heart condition and loss of sight. (*Id.* at ¶¶ 76, 191.)

///

///

///

On April 2, 2015, Plaintiff filed a lawsuit against BANA in California Superior Court, County of Sacramento. (ECF No. 1-1.) On October 22, 2015, BANA removed the case to this Court. (ECF No. 1.) Following a motion to dismiss by BANA (ECF No. 5), Plaintiff filed a First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15, and Defendant and FNMA were added as parties. (ECF No. 10.) Following a second motion to dismiss by BANA (ECF No. 13), Plaintiff filed a Second Amended Complaint on August 30, 2016, amending certain claims and adding six new claims. (ECF No. 26.) Defendant and BANA filed two separate Motions to Dismiss in September of 2016. (ECF Nos. 29, 30.) As to Defendant's motion, the Court dismissed three claims with prejudice, dismissed five claims with leave to amend, and in all other aspects denied the motion. (ECF No. 44 at 25–26.) On May 8, 2018, Plaintiff filed a Third Amended Complaint. (ECF No. 49.) On May 29, 2018, Defendant filed the instant Motion to Dismiss. (ECF No. 50.) Plaintiff opposed. (ECF No. 59.) Defendant replied. (ECF No. 60.) The Court has since dismissed BANA and FNMA with prejudice pursuant to Plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a). (ECF No. 64.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

///

///

///

4

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

///

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

The Court again notes Plaintiff's Opposition fails to respond to or completely ignores some of the arguments raised by Defendant. In its previous Order, the Court decided whether Plaintiff waived an uncontested issue on a case by case basis. (ECF No. 44 at 6–7.) Plaintiff has again placed the Court in the position of determining just how much of Plaintiff's work the Court will do for him. Therefore, the Court assumes Plaintiff has waived and abandoned issues to which he does not respond. *See Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

    A. <u>Claim One: Violation of California Homeowners Bill of Rights</u>

Defendant moves to dismiss Plaintiff's Homeowners Bill of Rights ("HBOR") claim on the basis that Plaintiff has not pled a violation under California Civil Code § 2923.7 ("§ 2923.7") or § 2924.10, and Defendant did not have a duty to review Plaintiff for a loan modification. To state a claim pursuant to HBOR, a plaintiff must plead "(1) a material violation of one of the enumerated code sections; (2) by a mortgage servicers, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages." *Heflebower v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-1671, 2014 WL 897352, at *12 (E.D. Cal. March 6, 2014) (citing

*Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013)). Plaintiff contends he pleaded sufficient facts to establish code violations and to establish Defendant's duty to review Plaintiff's loan modification application.

                i.        *Section 2923.7*

First, Defendant argues the text of § 2923.7 requires the borrower make a specific request for a single point of contact. *See Williams v. Wells Fargo Bank, N.A.*, No. EDCV 13-02075 JVS (DTBx), 2014 WL 1568857, at *8 (C.D. Cal. Jan. 27, 2014). However, this Court has explained on prior occasions, "[u]nder the plain meaning of the statute, a mortgage servicer's obligation to establish a single point of contact is triggered" upon a borrower's request for a foreclosure prevention alternative. *Swasey v. Seterus, Inc.*, No. 2:16-cv-0133-TLN-EFB, 2018 WL 3017554, at *13 (E.D. Cal. June 14, 2018) (citing *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 874 (N.D. Cal. Dec. 1, 2015)). Plaintiff has alleged he requested and then submitted a completed modification on June 12, 2015, and Defendant did not establish a single point of contact. Therefore, Plaintiff has stated sufficient facts to demonstrate a potential violation of § 2923.7.

Second, Defendant argues Plaintiff has not pled facts showing that any alleged violation of § 2923.7 was "material." Defendant contends in order to meet this burden Plaintiff must plead facts showing how Defendant's failure to appoint a single point of contact affected his ability to submit a completed loan modification application or his ability to have the application reviewed. *See Jacobik v. Wells Fargo, N.A.*, No. 17-cv-05121-LB, 2018 WL 1184812, at *7 (N.D. Cal. Mar. 7, 2018). Plaintiff alleges he requested and submitted a completed modification application on June 12, 2015, Defendant did not establish a single point of contact, and Defendant did not review the application before selling the home at auction.

Generally, "Courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process." *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015). Reviewing the facts in light most favorable to the Plaintiff, the TAC alleges facts showing a plausible claim that Defendant's failure to appoint a single point of contact resulted in the sale of Plaintiff's home. Plaintiff alleges he submitted a completed application on June 12, 2015, but his home was sold before he

was able to successfully submit a completed loan modification application, or have it reviewed. Defendant's failure to appoint a single point of contact may have delayed or prevented the review of Plaintiff's modification application. Therefore, Plaintiff has stated enough facts to survive Defendant's Motion to Dismiss regarding his claim under § 2923.7.

> ii. *Section 2923.3 and 2923.5*

Defendant argues neither § 2923.3 nor § 2923.5 impose an obligation to review Plaintiff's loan modification application. Specifically, Defendant contends § 2923.3 only regulates the delivery and contents of notices of default and notices of sale and is not applicable to the instant dispute. Plaintiff does not oppose Defendant's argument, and therefore, concedes that § 2923.3 does not apply. Defendant further argues § 2923.5 is also inapplicable to the current dispute since it regulates the timing of when a notice of default may be recorded and Plaintiff concedes Defendant did not record a notice of default against Plaintiff. In opposition, Plaintiff asserts that Defendant's admission that it did not issue a notice of default against Plaintiff shows that the foreclosure sale was void. In reply, Defendant argues the HBOR provisions at issue do not have any retroactive impact and were not enacted until 2013, while the Notice of Default was recorded in 2009. As a result, Plaintiff cannot sustain a claim based on regularities in the recording of the notice of default in 2009. *See Sears v. Bank of Am., N.A.* No. 2;13-cv-01664-KJM-AC, 2013 WL 6199197, at *3 (E.D. Cal. Nov. 27, 2013).

Both parties, however, fail to address the fundamental obstacle to stating a cause of action pursuant to either § 2923.3 or § 2923.5. As stated earlier, in order to state a claim under HBOR, Plaintiff must allege: "(1) a material violation of one of the enumerated code sections; (2) by a mortgage servicers, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages." *Heflebower v. JPMorgan Chase Bank*, 2014 WL 897352, at *12. Since the foreclosure sale has already occurred, California Civil Code § 2924.12(b) applies which explicitly states;

> After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage

8

> servicer, mortgagee, trustee, beneficiary, or authorized agent where
> the violation was not corrected and remedied prior to the recordation
> of the trustee's deed upon sale.

Cal. Civ. Code § 2924.12(b). Since HBOR does not authorize a private right of action for violations of §§ 2923.3 or 2923.5, Plaintiff cannot state a claim for recovery based on the violation of those provisions.

        *iii.*   *Section 2924.10*

Defendant contends Plaintiff cannot state a claim under § 2924.10 since it was repealed on January 1, 2018, and furthermore, even if it had not been, Plaintiff's claim fails because he has not shown he was entitled to a review for a loan modification and/or that the violation of § 2924.10 was material. *See Jacobik v. Wells Fargo, N.A.*, 2018 WL 1184812, at *7 (N.D. Cal. Mar. 7, 2018). In opposition, Plaintiff acknowledges that § 2924.10 has been repealed, but argues Defendant owed him a duty of care to handle his loan modification request correctly. In reply, Defendant, relying on the reasoning in *Jacobik*, again asserts that Plaintiff may not assert a cause of action based on the repealed section.

Defendant's reliance on *Jacobik* is misplaced. While § 2924.10 was repealed, several courts have maintained actions pursuant to this section under the principle of "statutory continuity." *See Travis v. Nationstar Mortg., LLC*, 733 F. App'x 371, 373 (9th Cir. 2018) ("under the rule of 'statutory continuity,' when a statute is repealed without a saving clause and as a part of the same act it is simultaneously re-enacted in substantially the same form and substance, all rights and liabilities which accrued under the former act will be preserved and enforced") (internal citations and quotation marks omitted); *Watkins v. Ditech Fin. LLC*, No. 2:17-cv-02247-MCE-EFB, 2018 WL 4611361, at *3 (E.D. Cal. Sep. 26, 2018) (allowing claims under § 2924.10 based on principle of "statutory continuity"); *see also Kang v. Wells Fargo*, No. 18cv332-MMA (JMA), 2018 WL 1427081, at *4 n.5 (S.D. Cal. Mar. 22, 2018) (The California Legislature repealed Cal. Civ. Code § 2924.10 in January 2018, but the statute still governs events that occurred from January 1, 2013 through December 31, 2017"); *Fought v. Wells Fargo Bank*, No. 2:17-cv-01706-MCE-KJN, 2018 WL 1071269, at *1 n.1 (E.D. Cal. Feb. 27, 2018) (same).

Under the principle of statutory continuity, the statute still applies to this cause of action. However, in order to state a claim and survive a Rule 12(b)(6) motion, Plaintiff must allege facts sufficient to show Defendant's violation was *material*. Here, Plaintiff has alleged sufficient facts to show that Defendant's violation of § 2924.10 was material. Section 2924.10 provides, "[w]hen a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgement of the receipt of the documentation within five business days of receipt." Cal. Civ. Code § 2924(a). Although Defendant contends Plaintiff did not submit a modification until three days before the foreclosure sale, the TAC alleges Plaintiff submitted a completed application by fax on June 12, 2015, a full two weeks before the sale occurred. Plaintiff's home was then sold two weeks after he allegedly submitted that application, without an acknowledgment from Defendant. It is plausible that Defendant's failure to respond to Plaintiff's application affected the modification process, which ultimately resulted in the loss of Plaintiff's home. *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d at 1113. Accordingly, the Court DENIES Defendant's Motion to Dismiss as to Claim One regarding §§ 2923.7 and 2924.10 and GRANTS the motion as to §§ 2923.3 and 2923.5.

### B. Claims Two, Four, and Five: Fraud (False Promise), Fraud (Intentional Misrepresentation), and Fraud (Negligent Misrepresentation)

In its order on Defendant's previous motion to dismiss, the Court dismissed Claims Two, Four, and Five with prejudice because Plaintiff could not plead a necessary element of fraud. (ECF No. 44 at 15.) Despite this, Plaintiff's TAC re-pled the claims. (ECF No. 49 at 20–23.) Defendant again moves to dismiss the claims on the grounds that the Court previously dismissed them. The Court, therefore, dismisses Claim Two, Four, and Five *again* with prejudice and finds Plaintiff's disregard for the Court's ruling on the last motion to dismiss careless. To the extent the Court grants leave to amend as to other causes of action, Plaintiff must file a Fourth Amended Complaint that fully complies with this Order.[1]

---

[1] Failure to comply with the Court's Order may result in sanctions. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 11.

10

C.  Claim Three: Fraud (Concealment)

Defendant argues the Court should dismiss Plaintiff's Third Cause of Action because Plaintiff largely bases its claim on actions taken by BANA instead of Defendant. Defendant asserts Plaintiff has only alleged it concealed the fact that the Trustee's Sale was predicated on a Notice of Default recorded in 2009, which Defendant asserts was not rescinded despite Plaintiff's allegations. In opposition, Plaintiff argues, as BANA's successor, Defendant inherited BANA's wrongdoing, and therefore, Plaintiff has sufficiently stated a claim for concealment. In reply, Defendant argues Plaintiff has not pleaded sufficient facts to impose successor liability on Defendant for BANA's acts.

The elements of a cause of action for fraud based on concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Davis v. HSBC Bank*, 691 F. 3d 1152, 1163 (9th Cir. 2012) (citing *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612–13 (1992)).

Plaintiff does not argue Defendant is independently liable for fraud based on concealment, and therefore, concedes the argument. The Court next addresses Plaintiff's contention that Defendant should be liable through successor liability. Defendant argues, and Plaintiff concedes, generally, a corporation purchasing the assets of another is insulated from the debts and liability of its predecessor. *Ray v. Alad Corp.*, 19 Cal. 3d 22, 25 (1997). However, a successor in interest may have liability under one of four exceptions: "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." *Id.* at 28. Defendant asserts Plaintiff has failed to allege sufficient facts to establish the applicability of any of these exceptions, and so, the Court should dismiss Plaintiff's claim. (ECF No. 61 at 10.); *see*

11

*Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1170–71 (2016) (finding no successor liability where appellants did not allege sufficient facts to show an exception to the ordinary rule of successor nonliability).

Although Plaintiff correctly cites the exceptions to the general rule of successor liability in his Opposition, he does not identify any alleged facts or offer any proposed facts that would suggest Defendant assumed BANA's liabilities. Therefore, the Court finds Plaintiff failed to allege sufficient facts to establish successor liability. It is clear to the Court that Plaintiff could not state a claim for concealment against Defendant since Plaintiff asserts he informed Defendant of BANA's wrongful acts and misrepresentations regarding the loan. Plaintiff's own admissions show he was aware of BANA's wrongful conduct and would not have acted differently had he known of the facts. Accordingly, the Court finds amendment would be futile and GRANTS Defendant's Motion to Dismiss as to Claim Three without leave to amend.

### D. Claim Six: Negligence

Despite the Court's previous finding that Defendant owed Plaintiff a duty of care (ECF No. 44 at 18), Defendant again argues it does not owe Plaintiff a duty. Defendant contends the multifactor test in *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958) applies only in the absence of contractual privity between the parties, and therefore, the Court should not have applied it here since the parties' relationship is governed by the original loan agreement. Defendant does not cite authority to support its contention.[2] In opposition, Plaintiff argues it meets all the *Biakanja* factors and Defendant owes Plaintiff a duty to service his loan properly. In its reply, Defendant again asserts the *Biakanja* test does not apply due to the parties' contractual relationship.

///

///

///

---

[2] Defendant cites *Robinson Helicopter Co., Inc. v. Dana Corp.* 34 Cal. 4th 979 (2004) in support of its position. However, Defendant notably omits part of the quotation, which reads, "the economic loss rule prevent[s] the law of contract and the law of tort from dissolving one into another." *Id.* at 988. (internal citations and quotation marks omitted). The Court notes the cited authority is irrelevant to the instant dispute.

Defendant's interpretation of *Biakanja* is incorrect. The *Biakanja* factors apply even when the parties are in privity. *See Clinton v. Select Portfolio Servicing, Inc.*, 225 F. Supp. 3d 1168, 1174 (E.D. Cal 2016) (finding common law duty between plaintiff and loan servicer who were in privity.); *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp 3d 938, 955 (E.D. Cal. 2015) (imposing a duty when plaintiff was in privity with lender.); *Kemp v. Wells Fargo Bank, N.A.*, No. 17-cv-01259-MEJ, 2017 WL 4805567, at *6 (N.D. Cal. Oct. 25, 2017) ("[C]ourts still apply the *Biakanja* factors to determine whether a financial institution owes a duty of care to a borrower-client, even where the parties are in privity."). After reviewing the TAC, the Court finds nothing that would change its previous analysis. The Court finds Defendant likely owed Plaintiff a duty of care to consider Plaintiff's oral and written concerns regarding the need for an audit and modification.

Defendant also asserts the facts alleged in Plaintiff's TAC support a finding that Bank of America, N.A., a former co-defendant, breached its duty to Plaintiff, but do not show Defendant[3] independently breached its duty to Plaintiff. (ECF No. 50 at 21–22.) Plaintiff responds by asserting that Defendant knew of the need for an audit and modification of the loan, and nevertheless, proceeded with the foreclosure. (ECF No. 59 at 20.) The Court previously found Plaintiff alleged Defendant breached its duty of care by not dealing reasonably with Plaintiff after being informed of the potential miscalculations and in light of Plaintiff's attempts to file loan modification paperwork with Defendant. Defendant has not proffered any arguments that justify reconsideration of that decision. Defendant's Motion to Dismiss Plaintiff's Sixth Claim is DENIED.

E.      Claim Seven: Violation of Business and Professions Code § 17200

Defendant argues Plaintiff fails to allege any specific facts supporting a finding of unlawful or unfair conduct perpetrated by Defendant in violation of Business and Professions Code § 17200. In opposition, Plaintiff reasserts his allegations and states they are sufficient to

---

[3] Defendant correctly notes that Plaintiff has improperly lumped all defendants together throughout the TAC. However, at this time, all other defendants have been dismissed with prejudice. (ECF No. 63.) Accordingly, the Court reads the TAC to state allegations against Defendant specifically, despite the defects in the form of the Complaint.

state a claim.  Business and Professions Code § 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  An "unlawful" business practice under the UCL is practice that violates any other law.  *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1171 (E.D. Cal. 2007); *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

Previously, the Court denied Defendant's motion to dismiss Claim Seven, argued on different grounds.  (ECF No. 44 at 19.)  Here, Plaintiff's TAC again states a claim for violations of HBOR, which is sufficient to meet the unlawfulness prong of Business and Professions Code § 17200.  Accordingly, the Court DENIES Defendant's Motion to Dismiss as to Claim Seven.

        F.      <u>Claim Eight: Violation of the Rosenthal Fair Debt Collection Practices Act</u>

Defendant argues Plaintiff failed to sufficiently allege "the contents and dates of the communications with specificity" in amending his complaint, and therefore, Plaintiff has not pled a claim for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  Plaintiff responds by relisting allegations from the TAC and arguing that he cannot provide specific dates until he has conducted further discovery.  To state a claim under the RFDCPA a plaintiff must allege (1) the plaintiff was a customer, (2) the defendant was a debt collector within the meaning of the statute, and (3) the defendant committed an act or omission in violation of the statute.  *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).  The RFDCPA is directed at false, misleading, or harassing communications, and as such, courts have held that the date and contents of each alleged communication must be pled with particularity.  *See Arikate v. J.P. Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006).  Here, Plaintiff has failed to allege specific facts showing when and how Defendant violated the RFDCPA.  Furthermore, it is clear from Plaintiff's own admission that he cannot sufficiently allege a violation of the RFDCPA by Defendant.  Therefore, the Court GRANTS Defendant's Motion to Dismiss Claim Eight without leave to amend.

///

///

1               G.      Claim Eleven: Intentional Infliction of Emotional Distress

2         Defendant argues Plaintiff has failed to allege any outrageous conduct perpetrated by

3   Defendant during the foreclosure of Plaintiff's home. Defendant also contends Plaintiff has again

4   alleged conduct committed only by BANA and FNMA, and therefore, the TAC remains deficient.

5   Plaintiff opposes Defendant's contention, arguing Defendant was aware of Plaintiff's medical

6   conditions, proceeded with the illegal foreclosure despite Plaintiff's attempts to negotiate, and

7   recklessly disregarded the likelihood that proceeding would cause emotional distress. In reply,

8   Defendant argues settlement discussions are insufficient to establish a claim for relief and

9   Plaintiff fails to plead any facts showing it had such discussions with Defendant. Defendant also

10  argues that FNMA was the foreclosing party and perpetrated the eviction. Finally, Defendant

11  asserts that whether or not the foreclosure violated HBOR, Plaintiff fails to show that Defendant's

12  conduct is outrageous.

13        The elements of the tort of intentional infliction of emotion distress are: "(1) extreme and

14  outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

15  probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional

16  distress; and (3) actual and proximate causation of the emotional distress by the defendant's

17  outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). To be

18  considered outrageous, the conduct must be so extreme as to exceed all bounds of decency

19  tolerated in a civilized society. (*Id.*)

20        Plaintiff alleges Defendant improperly proceeded with the foreclosure despite knowing of

21  Plaintiff's physical condition and the emotional distress he was suffering as a result of the

22  foreclosure. Defendant intended to cause and recklessly disregarded the probability that Plaintiff

23  would suffer emotional distress. Plaintiff suffered severe physical and emotional distress,

24  including heart pains and loss of sight due to Defendant's conduct. Plaintiff has clearly stated

25  facts sufficient to show that he experienced severe emotional distress, which was proximately

26  caused by Defendant's conduct. However, whether Defendant's conduct reaches the necessary

27  level of extreme and outrageous is a question of fact which depends on a number of factors.

28  Accepting the allegations in the TAC as true, it is possible that if Defendant illegally foreclosed

on Plaintiff, despite his attempts to negotiate and Defendant's knowledge of the history of the loan and Plaintiff's emotional distress, then Defendant's conduct may rise to the requisite level of outrageousness. Accordingly, the Court DENIES Defendant's Motion to Dismiss Claim Eleven.

### H. Claim Twelve: Negligent Infliction of Emotional Distress

Defendant contends Plaintiff failed to allege any negligent conduct by Defendant since Plaintiff bases its negligent infliction of emotion distress claim on violations of HBOR. In opposition, Plaintiff argues Defendant had a duty to conduct a lawful and legally sound foreclosure sale of the property, and its negligent failure to do so caused Plaintiff's emotional distress. Defendant responds by again contending that Plaintiff's HBOR claim fails, and therefore, this claim fails as well.

In order to state a claim for negligent infliction of emotional distress, Plaintiff must allege: "(1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendant's negligent conduct was a cause of the serious emotional distress." *Hall v. Apollo Group, Inc.*, No. 14-CV-01404-LHK, 2014 WL 4354420, at *6 (N.D. Cal. Sept. 2, 2014). As discussed above, Plaintiff has stated a claim for a violation of HROB (Claim One) and negligence (Claim Six). As addressed in Claim Eleven, Plaintiff adequately alleges he suffered severe emotional distress. Finally, Plaintiff alleges that Defendant negligently caused injury as described in the incorporated allegations. Reading the TAC liberally, Plaintiff has sufficiently stated a claim for negligent infliction of emotional distress. Therefore, the Court DENIES Defendant's Motion to Dismiss Claim Twelve.

### I. Claim Thirteen: Wrongful Foreclosure and Eviction

Defendant argues Plaintiff's claim is premised on the idea that the Trustee's Sale of the property was void because it was based on the 2009 Notice of Default, which Plaintiff alleges was rescinded in 2011 and Defendant contends had not been rescinded. Plaintiff opposes, arguing Defendant relied on a void Notice of Default and proceeded with the foreclosure despite being warned of the defects to the title.

///

///

To state a claim for wrongful foreclosure, a plaintiff must plead: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015) (quoting *Lona v. Citibank, N.A.* 2020 Cal. App. 4th 89, 104 (2011)). The Court previously denied Defendant's motion to dismiss Plaintiff's Thirteenth Claim after finding Plaintiff had adequately alleged facts supporting the three elements necessary to state a claim for wrongful foreclosure and eviction. Since neither party contests whether Plaintiff pled the elements of prejudice or harm to plaintiff and the tender rule,[4] the Court does not revisit its previous order and finds that those elements are properly pled.

The legality of the foreclosure sale is the central point of contention between the parties. Both parties have attempted to prove the truth of their assertions by providing additional documents to the Court. Plaintiff attaches a number of documents to the TAC purporting to show the Notice of Default was improper. (ECF No. 49-1–49-14.) Meanwhile, Defendant requests the Court take judicial notice of documents purporting to show the full chain of title on the property to prove the Notice of Default was valid. (ECF No. 52.) While the Court may take notice of the document's existence, the Court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). Here, the parties dispute whether the Notice of Default was valid, rescinded, or had been recorded according to proper procedures. Since the fact is disputed, the Court expressly declines to decide the truth of the matter or to consider materials

---

[4] Defendant again seeks to invoke the tender rule to dismiss the TAC in its entirety. However, Defendant merely repeats its previous argument, citing no additional authority that is responsive to the Court's previous Order. (ECF No. 44 at 24.) Defendant does not challenge the finding that Plaintiff should be exempt from the tender requirement. (*Id.* at 25.) Furthermore, Defendant does not cite any authority extending the tender rule beyond the wrongful foreclosure context. The Court is not convinced that Plaintiff's lack of pleading tender would dismiss Plaintiff's claims sounding in tort. However, the Court need not address this concern in light of the Court's ruling on the issue.

beyond the pleadings. To do so would transform the current motion to dismiss into a motion for summary judgement pursuant to Federal Rule of Civil Procedure 12(d).[5] Plaintiff has sufficiently alleged the sale proceeded illegally. Whether those allegations are true is a question of fact that is improperly decided on a motion to dismiss. Accordingly, the Court DENIES Defendant's Motion to Dismiss Claim Thirteen.

### IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss as to Claim One is GRANTED in part and DENIED in part;
2. Defendant's Motion to Dismiss as to Claim Three is GRANTED without leave to amend;
3. Defendant's Motion to Dismiss as to Claim Six is DENIED;
4. Defendant's Motion to Dismiss as to Claim Seven is DENIED;
5. Defendant's Motion to Dismiss as to Claim Eight is GRANTED without leave to amend;
6. Defendant's Motion to Dismiss as to Claim Eleven is DENIED;
7. Defendant's Motion to Dismiss as to Claim Twelve is DENIED;
8. Defendant's Motion to Dismiss as to Claim Thirteen is DENIED; and
9. To the extent Plaintiff continues to allege Claims Two, Four, and Five, the Court GRANTS Defendant's motion and dismisses each claim with prejudice.

Plaintiff is granted twenty-one (21) days from the date of this Order to file a Fourth Amended Complaint that fully complies with the Court's Order. Plaintiff is not permitted leave to amend beyond the confines of this Order. Defendant is afforded twenty-one (21) days from the date Plaintiff files an amended complaint to file an answer.

///
///
///

---

[5] Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

IT IS SO ORDERED.

DATED: April 7, 2020

　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　United States District Judge