UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>            Plaintiff,<br><br>    v.<br><br>SETERUS, INC. and DOES 1–20,<br><br>           Defendants. | No. 2:15-cv-02204-TLN-DB<br><br>**ORDER** |

       This matter is before the Court on Defendant Seterus, Inc.'s ("Defendant") *Ex Parte* Application to Modify the Scheduling Order.  (ECF No. 81.)  No opposition has been filed.  For the reasons set forth below, the Court GRANTS Defendant's *Ex Parte* Application.

///
///
///
///
///
///
///
///
///

1

## I. Factual and Procedural Background

Plaintiff Calvin Mountjoy ("Plaintiff") filed the instant wrongful foreclosure action in the Sacramento County Superior Court on April 2, 2015. (ECF No. 1-1.) Defendant removed the action to this Court on October 22, 2015. (ECF No. 1.) On October 23, 2015, the Court issued new case documents, requiring the parties to file a joint status report with proposed pre-trial deadlines pursuant to Federal Rule of Civil Procedure ("Rule") 26(f) "within sixty (60) days of service of the complaint on all defendants, or from the date of removal." (ECF No. 2.) This did not happen. Multiple filings and stipulations later, Plaintiff filed the operative Third Amended Complaint ("TAC") on May 8, 2018, which Defendant answered. (ECF Nos. 49, 68.) On May 14, 2020, the Court again ordered the parties to file a joint status report. (ECF No. 69.)

On June 12, 2020, Defendant filed a unilateral status report, noting Plaintiff refused to respond to Defendant's requests and attempts to draft and submit a joint status report. (ECF No. 70.) The Court issued the Pretrial Scheduling Order on July 6, 2020. (ECF No. 71.) Pursuant to the Pretrial Scheduling Order, the non-expert discovery deadline was set for June 11, 2021; the expert disclosure deadline was set for August 12, 2021; and the dispositive motion deadline (which includes all dispositive motion hearings) was set for December 16, 2021. (*See generally id.*) The Order additionally reminded the parties that the Pretrial Scheduling Order would only be modified upon leave of the Court upon a showing of good cause. (*Id.* at 8.)

Thereafter, in response to Plaintiff's complete failure to provide discovery responses or provision of untimely responses "subject to" various objections, Defendant filed two separate motions to compel. (ECF Nos. 72, 77.) The magistrate judge granted both motions and awarded Defendant monetary sanctions. (ECF Nos. 78, 80.) Meanwhile, on April 23, 2021, Defendant filed a unilateral statement regarding an ongoing discovery dispute with Plaintiff to provide adequate production responses and request for sanctions (ECF No. 79), which is currently pending before the magistrate judge.

On May 27, 2021, Defendant filed the instant *ex parte* application to modify the Pretrial Scheduling Order. (ECF No. 81.) The application is unopposed.

///

**II.      STANDARD OF LAW**

        A.      *Ex Parte* Relief

In general, the Court will not grant *ex parte* relief unless "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief, or . . . the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co. (Mission Power)*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also Erichsen v. Cty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (affirming determination that moving parties failed to meet the "threshold requirement" for *ex parte* relief because "they did not establish they were 'without fault in creating the crisis that requires ex parte relief'").

Local Rule 144(c) further provides:

> The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted.

E.D. Cal. L.R. 144(c).

        B.      Modification of Scheduling Order

Under Rule 16, the Court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609). However, "carelessness is not compatible with a finding of diligence and offers no reason for a

grant of relief." *Johnson*, 975 F.2d at 609 (compiling cases).  Thus, if the party seeking the modification "was not diligent, the inquiry should end." *Id.*  "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification." *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), *reconsideration denied*, No. 1:16-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

### III.  ANALYSIS

In the instant application, Defendant seeks to extend the following deadlines by six months: (1) the deadline to complete discovery, which is currently set for June 11, 2021; (2) the deadline to designate experts, which is currently set for August 12, 2021; and (3) the deadline to file dispositive motions, which is currently set for December 16, 2021.  (ECF No. 81.)

Defendant argues good cause exists to grant the modification in light of Plaintiff's repeated failure to produce discovery responses in a timely manner, or sometimes at all.[1]  As a result of Plaintiff's untimely production of responses, Defendant did not learn of a key witness — Kim Harrison, an individual who Plaintiff's recently-received discovery responses suggest is the actual primary percipient witness for the majority of allegations tendered by Plaintiff in this case — until recently, thus necessitating the request for additional time to seek further discovery from Plaintiff.  (ECF No. 81 at 4, 6–7.)  Defendant additionally asserts the need for a modification is exacerbated by Ms. Harrison's current refusal to comply with her deposition subpoena.  (*Id.* at 10.)  Finally, Defendant maintains the instant application was diligently pursued once it became apparent that the delays caused by Plaintiff would prevent Defendant from obtaining necessary

///

---

[1]  Indeed, the application details the varied unsuccessful meet and confer attempts Defendant made to obtain requested discovery from Plaintiff that ultimately resulted in receipt of Plaintiff's Rule 26 initial disclosures nearly a year after they were due, and interrogatory and production responses (the adequacy of which appears to remain at dispute) approximately six months after they were due — the latter of which were apparently only produced after the magistrate judge's granting of two separate motions to compel and upon threat of further monetary sanctions being awarded to Defendant.  (ECF No. 81 at 2–3, 6; *see also* ECF Nos. 78, 80.)

4

discovery prior to the discovery deadlines. (*Id.* at 11.) The Court finds the relief Defendant seeks is warranted.

As an initial matter, Defendant has met the threshold requirement to seek *ex parte* relief. Namely, the application and supporting declaration of counsel demonstrate Defendant will be irreparably prejudiced if the litigation continues towards trial without Defendant having the opportunity to obtain relevant discovery from a key witness. *Mission Power*, 883 F. Supp. at 492; *Erichsen*, 677 F. App'x at 380; E.D. Cal. L.R. 144(c). Further, the need to seek modification *ex parte* was not a situation created by Defendant but was caused by Plaintiff's pervasive recalcitrance in providing adequate discovery responses. *Id.*

Based on the same circumstances, the Court finds Defendant has met its burden to demonstrate diligence in seeking discovery. When Plaintiff failed to respond to Defendant's Rule 26 meet and confer efforts, Defendant unilaterally filed a Rule 26 report so that the Court could issue a Pretrial Scheduling Order. (*See* ECF No. 70.) Defendant's application demonstrates it diligently requested discovery by submitting timely requests, engaged in protracted meet and confer attempts with Plaintiff to obtain the discovery it needed, and ultimately moved to compel production when Plaintiff's responses were deficient. (*See* ECF No. 81 at 8–11; *see also* ECF Nos. 72, 77, 79.) Finally, when Plaintiff continued to provide delayed or insufficient discovery responses after Defendant's motions to compel were granted and the recently-identified percipient witness refused to comply with her deposition subpoena, the need to extend the discovery deadlines became apparent and Defendant swiftly sought the instant relief prior to the close of the discovery deadline. (ECF No. 81 at 10–11.) Based on this record, the Court finds good cause exists to modify the schedule. *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's *Ex Parte* Application to Modify the Scheduling Order. (ECF No. 81.) The Pretrial Scheduling Order (ECF No. 71) is modified as follows:

1. The deadline to complete discovery, which is currently set for June 11, 2021, is continued to December 10, 2021;

5

2. The deadline to designate experts, which is currently set for August 12, 2021, is continued to February 11, 2022; and

3. The deadline to file dispositive motions, which is currently set for December 16, 2021, is continued to June 16, 2022.

IT IS SO ORDERED.

DATED: June 8, 2021

Troy L. Nunley
United States District Judge