UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>   Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA N.A., SETERUS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, and RECONTRUST,<br><br>   Defendants. | No. 2:15-cv-2204 TLN DB<br><br><br>ORDER |

On February 14, 2022, non-party witness Kim Harrison filed a motion to quash and noticed the motion for hearing before the undersigned on March 18, 2022, pursuant to Local Rule 302(c)(1). (ECF No. 85.) That motion will be denied for several reasons. In this regard, the motion to quash also seeks a protective order. (ECF No. 85-1 at 19.) Pursuant to Local Rule 251 such motions shall consist of a brief notice of motion and motion "scheduling the hearing date[.]" Local Rule 251(a). "No other documents need be filed at this time." (Id.)

Pursuant to Local Rule 251(b) a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."

1

(Id.)  If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement."  Local Rule 251(c).  "All arguments and briefing that would otherwise be included in a memorandum of points and authorities . . . shall be included in this joint statement, and no separate briefing shall be filed."  (Id.)  The failure to file a Joint Statement may result in the hearing being dropped from calendar.  Local Rule 251(a).  Here, no Joint Statement was filed.

Moreover, discovery in this action must be completed by March 15, 2022.  (ECF No. 84.)  As explained in the scheduling order issued by the assigned District Judge on July 6, 2020, "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."  (Id. at 2.)  Thus, discovery will have closed prior to the hearing of the motion to quash.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 14, 2022 motion to quash (ECF No. 85) is denied without prejudice to renewal; and

2. The March 18, 2022 hearing of the motion is vacated.

DATED: March 14, 2022            /s/ DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\mountjoy2204.no.js.den.ord