Timothy M. Ryan, Bar No. 178059
Michael W. Stoltzman, Jr., Bar No. 263423
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO DIVISION

| | |
|---|---|
| CALVIN MOUNTJOY,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA NA;<br>SETERUS, INC., FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION; RECONTRUST,<br>and DOES 1-20,<br><br>Defendants. | CASE NO.:  2:15-CV-02204-TLN-DAD<br>Date Action Filed:  11/20/2015<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION BY DEFENDANT SETERUS, INC. FOR SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AMENDED COMPLAINT AND EACH CLAIM PLED THEREIN**<br><br>Date:    August 11, 2022<br>Time:    2:00 p.m.<br>Ctrm.:    2<br><br>Trial Date:    None set. |

1

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Seterus" or "Defendant") presents the following separate statement of undisputed material facts in support of its motion for summary judgment dismissing all claims pled in the Third Amended Complaint ("3AC") filed by plaintiff Calvin Mountjoy ("Plaintiff"), including the: (1) first claim for "Violation of California Homeowner Bill of Rights"; (2) sixth claim for "Negligence"; (3) the seventh claim for "Violation of Business and Professions Code Section 17200"; (4) the eleventh claim for "Intentional Infliction of Emotional Distress"; (5) the twelfth claim for "Negligent Infliction of Emotional Distress"; and (6) the thirteenth claim for "Wrongful Foreclosure":

### SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 1. | On or about May 21, 2010, Plaintiff was reviewed for a loan modification; however, it was determined that Plaintiff was not "eligible" for a loan modification. Plaintiff was sent a letter to this effect on or about this same day. **Dec. of Janati at ¶ 9, Exhibit 1; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 37:22 – 38:8, Exhibit 8.** | 1. | |
| 2. | On or about June 28, 2010, Plaintiff was reviewed for a loan modification; however, it was | 2. | |

THE RYAN FIRM
A Professional Corporation

2

**THE RYAN FIRM**
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | determined that Plaintiff did not "qualify" for a loan modification. Plaintiff was sent a letter to this effect on or about this same day. **Dec. of Janati at ¶ 10, Exhibit 2; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 39:13 – 40:9, Exhibit 9.** | | |
| 3. | In July 2014, Plaintiff submitted a loan modification application to BANA. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 72:10 – 73:20.** | 3. | |
| 4. | Plaintiff's July 2014 loan modification application was denied. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 72:10 – 74:25.** | 4. | |
| 5. | In November 2014, Plaintiff submitted another application to be reviewed for a loan modification. **Dec. of Janati at ¶ 16; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 76:11 – 77:12, Exhibit 18.** | 5. | |
| 6. | On or about February 17, 2015, Plaintiff was reviewed for a loan modification; however, it was | 6. | |

3

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | determined that Plaintiff was not "eligible" for a loan modification. Plaintiff was sent a letter to this effect on or about this same day. **Dec. of Janati at ¶ 17, Exhibit 4; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 78:7 – 16, 80:12 – 20, Exhibit 20; TAC at ¶ 54.** | | |
| 7. | Plaintiff admits that his income figures in his June 2015 loan modification application were "the same numbers" as his prior loan modification application(s). **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 102:10 – 103:9,  Exhibit 24.** | 7. | |
| 8. | Plaintiff admitted that, during the time he was applying with both BANA and Seterus (i.e., at least throughout 2014 and 2015), his monthly income remained the same. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 103:10 – 18.** | 8. | |
| 9. | Just 3 days before the trustee's sale, on or about June 12, 2015, Defendant received an incomplete | 9. | |

4

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | loan modification application on behalf of Plaintiff.<br>**Dec. of Janati at ¶ 18; TAC at ¶ 107.** | | |
| 10. | Defendant reviewed Plaintiff's June 2015 loan modification application and determined that it was missing several documents sufficient to constitute a "complete" application, including: (1) 2 months of bank statements from Plaintiff; and (2) documentation showing his receipt of his claimed social security income.<br>**Dec. of Janati at ¶ 18.** | 10. | |
| 11. | Defendant never received copies of the "missing" documents referenced in SSUF No. 10 at any time from Plaintiff.<br>**Dec. of Janati at ¶ 19.** | 11. | |
| 12. | Plaintiff's delay in not submitting any sort of loan modification application to Defendant until just 3 days before the sale and, more importantly, his failure to provide | 12. | |

5

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | Defendant with a "complete" application led to the occurrence of the trustee's sale.<br><br>**Dec. of Janati at ¶ 20; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 88:18 – 90:13, 90:22 – 91:1, 92:23 – 93:1, Exhibit 23; RFJN, Exhibit 10.** | | |
| 13. | When asked in written discovery to state all facts that supported his claim that the alleged violation of section 2923.7 was material, Plaintiff responded that the alleged violation was also material because, according to Plaintiff, had a SPOC been appointed, it would have responded to Plaintiff's counsel's alleged request for an audit and discovered that: (1) Plaintiff had made a payment of nearly $60,000.00 to BANA that was not applied to the loan (i.e., that he made the Reinstatement Payment but that BANA did not credit this payment to his loan); and (2) BANA had | 13. | |

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | allegedly improperly charged him approximately $100,000.00 in loan payments for the time period between the 2011 Foreclosure and the 2012 Rescission (i.e., that, after the 2011 Foreclosure was rescinded, BANA had no right to require Plaintiff to pay all monthly payments that would have come due between the 2011 Foreclosure and the 2012 Rescission). **Dec. of Stoltzman at ¶¶ 5 – 6, Exhibits 1 – 2, SROG Nos. 2, 7, 21; TAC at ¶¶ 1, 19, 24, 61, 91, 121, 128, 138, 187.** | | |
| 14. | Plaintiff's Initial Disclosures identified Plaintiff and one of his former attorneys—Kim Harrison ("Harrison")—as the only witnesses that could support the claims being asserted in this case. **Dec. of Stoltzman at ¶ 7, Exhibit 3, at ¶ 1.** | 14. | |
| 15. | Plaintiff has admitted that he never engaged in any oral communication | 15. | |

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | with Defendant (i.e., no telephone calls). **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 101:11 – 24, 144:21 – 145:5.** | | |
| 16. | Plaintiff admits that he never engaged in any written communication with Seterus. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 101:25 – 102:2.** | 16. | |
| 17. | Plaintiff admits that he is not aware of any facts that would lead him to believe Defendant was put on notice of the need for an audit of the loan prior to the trustee's sale; indeed when asked if he was "aware of any facts that would lead [him] to believe Seterus was put on notice of that error prior to the foreclosure sale," Plaintiff responded by saying "I don't know anything about that." **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 142:22 – 143:24.** | 17. | |
| 18. | Ms. Harrison has admitted that she cannot recall "the subject of any conversation [with Defendant], or | 18. | |

8

**THE RYAN FIRM**
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | even the act of speaking with anyone at Seterus." **RFJN, Exhibit 19, at ¶ 6.** | | |
| 19. | Ms. Harrison admitted that she does not "have any communications with Seterus. Nor do I have an independent recollection of **any** communications with Seterus." **RFJN, Exhibit 19, at ¶ 7 (emphasis added).** | 19. | |
| 20. | Plaintiff filed a prior suit against BANA in order to challenge prior foreclosure proceedings, which was expressly based on the alleged failure to apply the Reinstatement Payment. **TAC at ¶ 1; RFJN, Exhibit 15 at ¶¶ 114 – 17, 119 – 22, 150 – 52, 174 – 76, 187, 210, 231, 241, 250 – 52, 260 – 63, 273 – 76.** | 20. | |
| 21. | Plaintiff has repeatedly admitted that the Prior Lawsuit was based on BANA's alleged failure to correctly apply the Reinstatement Payment to the loan. | 21. | |

9

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 40:20 – 25, 42:12 – 25, 53:19 – 54:2, 54:9 – 13, 66:23 – 67:5.** | | |
| 22. | Plaintiff admits that his first "lawsuit was, in part, based on the idea that Bank of America may not have applied the funds—the $55,000 at all." **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 54:9 – 13.** | 22. | |
| 23. | Plaintiff's counsel has also admitted that the Prior Lawsuit was based on the idea that BANA "had not applied those payments, and they foreclosed." **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 53:19 – 54:2.** | 23. | |
| 24. | Plaintiff and BANA reached a settlement of the Prior Lawsuit. **RFJN, Exhibit 17; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 67:9 – 68:8, Exhibit 15; TAC at ¶ 1, 22, 32.** | 24. | |

10

**THE RYAN FIRM**
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 25. | The settlement of the Prior Lawsuit required BANA to pay Plaintiff the sum of $395,000.00, which it did. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 67:9 – 68:8, Exhibit 15; TAC at ¶ 1, 22, 32.** | 25. | |
| 26. | Plaintiff admits that, as part of the settlement of the Prior Lawsuit, he was "dismissing and releasing any claims that [he] had against Bank of America" and that he could not be "suing Bank of America again for any of the same stuff that was the subject of" the Prior Lawsuit. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 69:14 – 25.** | 26. | |
| 27. | The Prior Lawsuit was dismissed **with prejudice**. **RFJN, Exhibit 18; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 70:10 – 15.** | 27. | |
| 28. | Indeed, Plaintiff was the plaintiff in the Prior Lawsuit and is a plaintiff in this lawsuit. **RFJN, Exhibit 15; TAC at ¶ 1.** | 28. | |

11

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 29. | The First Settlement Agreement provided as follows:<br><br>This settlement includes an express waiver of Civil Code section 1542, which states:<br><br>"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if know by him or her must have materially affected his or her settlement with the debtor."<br><br>**RFJN, Exhibit 17, at ¶ 2; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 67:9 – 68:8, Exhibit 15, at ¶ 2; TAC at ¶ 1, 22, 32.** | 29. | |

THE RYAN FIRM
A Professional Corporation

12

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 30. | Plaintiff concedes that, as part of the settlement of the Prior Lawsuit, he was "dismissing and releasing any claims that [he] had against Bank of America" and that he could not be "suing Bank of America again for any of the same stuff that was the subject of" the Prior Lawsuit.<br><br>**Dec. of Stoltzman at ¶ 8, Exhibit 4, at 69:14 – 25.** | 30. | |
| 31. | On November 8, 2010, Plaintiff was sent a letter (i.e., the Reinstatement Quote), explaining that he was required to pay $55,055.93 in order to reinstate the loan.<br><br>**Dec. of Janati at ¶ 11, Exhibit 3; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 41:1 – 12, 53:19 – 21.** | 31. | |
| 32. | On or about November 22, 2010, Plaintiff made a payment of $55,250.93 in order to reinstate the loan (i.e., the Reinstatement Payment). This payment was applied to the amount required to reinstate the loan, which was only | 32. | |

13

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | $55,055.93, and which brought the loan current. This application yielded a surplus of $195.00, which was returned to Plaintiff. **Dec. of Janati at ¶ 12; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 54:14 –23.** | | |
| 33. | Plaintiff concedes that Defendant's evidence proved that the Reinstatement Payment **was** applied to the loan. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 54:14 – 19.** | 33. | |
| 34. | Plaintiff that he does not "dispute that as of March 2015, the $55,000 in payments was applied to the loan." **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 54:20 – 23.** | 34. | |
| 35. | Plaintiff simply claims that more of the Reinstatement Payment should have been applied to the principal balance and less to accrued interest and other charges. | 35. | |

14

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 54:24 – 55:4.** | | |
| 36. | Plaintiff admitted that he had no idea how much more of the Reinstatement Payment should have been applied to the principal balance on the loan. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 55:5 – 13.** | 36. | |
| 37. | Plaintiff conceded that there are no facts or documents to support his position that more of the Reinstatement Payment should have been applied to the principal balance on the loan. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 55:5 – 56:7.** | 37. | |
| 38. | Plaintiff admits that his position that more of the Reinstatement Payment should have been applied to the principal balance on the loan is based on nothing more than a "gut feeling." **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 55:24 – 56:10.** | 38. | |

15

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 39. | Plaintiff concedes that all allegations in the complaint related to Defendant receiving inaccurate information amount the amount due and owing stems from the assessment of charges after the 2011 Foreclosure through the 2012 Rescission. **Dec. of Stoltzman at ¶ 8, Exhibit 4, 97:22 – 100:17, 139:1 – 14, 142:2 – 16.** | 39. | |
| 40. | Plaintiff concedes that he resided in the subject property for the entire time period in dispute (i.e., from the time of the 2011 Foreclosure through the 2012 Rescission). **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 63:20 – 64:5.** | 40. | |
| 41. | Plaintiff admits that he continuously resided in the subject property from the time he initially acquired the subject property through at least September 2016. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 65:2 – 16.** | 41. | |

16

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 42. | In written discovery, Plaintiff was asked to state all facts to support the allegation that Defendant violated section 2924.10; rather than state any such facts, Plaintiff merely proffered 2 legal arguments: (1) that an alleged violation of section 2924.10 authorizes him to recover actual damages; and (2) that a notice of default allegedly cannot be recorded until 30 days after contact with a borrower.<br>**Dec. of Stoltzman at ¶¶ 5 – 6, Exhibits 1 – 2, SROG No. 4.** | 42. | |
| 43. | The trustee's sale occurred on June 15, 2015.<br>**RFJN, Exhibit 10; Dec. of Janati at ¶ 20; Dec. of Stoltzman at ¶ 8, Exhibit 4, at 88:18 – 90:13, 90:22 – 91:1; 92:23 – 93:1, Exhibit 23.** | 43. | |
| 44. | Plaintiff concedes that that BANA— not Defendant—was the party that recorded the 2009 Notice of Default.<br>**TAC at ¶ 17.** | 44. | |

17

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 45. | Defendant did not begin servicing the loan until April 2015—a full five years after the 2009 Notice of Default was recorded. **TAC at ¶ 99.** | 45. | |
| 46. | The 2009 Notice of Default states that: "FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 08/01/2008 AND ALL SUBSEQUENT INSTALLMENTS . . . ."). **RFJN, Exhibit 2.** | 46. | |
| 47. | Though the 2011 Foreclosure was rescinded in 2012, the 2012 Rescission **only** rescinded the 2011 Trustee's Deed Upon Sale, it did not also rescind the 2009 Notice of Default. **RFJN, Exhibit 5.** | 47. | |
| 48. | Plaintiff admits that Defendant had no involvement in the eviction proceedings. | 48. | |

THE RYAN FIRM
A Professional Corporation

18

**THE RYAN FIRM**
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 123:4 – 124:1; Dec. of Janati at ¶ 21.** | | |
| 49. | Defendant has never engaged in any acts and/or omissions with the intent to cause any sort of harm, physically or emotionally, to Plaintiff. **Dec. of Janati at ¶ 23.** | 49. | |
| 50. | The 2012 Rescission was titled "NOTICE OF RESCISSION of Trustee's Deed Upon Sale" (not "NOTICE OF RESCISSION if Notice of Default AND Trustee's Deed Upon Sale"). **RFJN, Exhibit 5.** | 50. | |
| 51. | Though the 2012 Rescission acknowledged the recording of the 2009 Notice of Default, this notice expressly stated that the only matter sought to be rescinded was the "Trustee's Deed recorded upon the foreclosure sale . . . ." **RFJN, Exhibit 5 at ¶¶ 4 – 5.** | 51. | |
| 52. | The 2012 Rescission's rescinding paragraph simply provided: "NOW | 52. | |

19

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | THEREFORE, THE UNDERSIGNED HEREBY RESCINDS THE TRUSTEE'S SALE AND PURPORTED TRUSTEE'S DEED UPON SALE . . . ." **RFJN, Exhibit 5 at ¶¶ 4 – 5.** | | |
| 53. | There is no provision in the 2012 Rescission which effectuates a rescission of the 2009 Notice of Default. **RFJN, Exhibit 5 at ¶¶ 4 – 5.** | 53. | |
| 54. | There is no other recorded notice of rescission appearing in Plaintiff's chain of title that could have effectuated a rescission of the notice of default. **RFJN, Exhibit 14.** | 54. | |
| 55. | When asked to state all facts supporting his assertion that the 2009 Notice of Default was also rescinded, Plaintiff merely responded by stating that "BANA had used a 2009 Notice of Default | 55. | |

20

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | that did not have the correct amount owed . . . ." **Dec. of Stoltzman at ¶¶ 5 – 6, Exhibits 1 – 2, SROG No. 14.** | | |
| 56. | Plaintiff admits that he never communicated anything to Defendant about his medical condition. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 144:21 – 145:5.** | 56. | |
| 57. | When asked to state why he believed Defendant intended to cause him emotional distress or acted with reckless disregard of the probability of causing such distress, Plaintiff merely responded by referenced his alleged request for an audit and the assessment of loan charges for the time period between the 2011 Foreclosure and the 2012 Rescission. **Dec. of Stoltzman at ¶¶ 5 – 6, Exhibits 1 – 2, SROG Nos. 10, 12.** | 57. | |
| 58. | Plaintiff admits that he did not suffer any adverse medical conditions as a | 58. | |

THE RYAN FIRM
A Professional Corporation

21

THE RYAN FIRM
A Professional Corporation

| NO. | DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | NO. | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | result of the foreclosure or eviction proceedings; indeed, he admits that he did not suffer these conditions until approximately 2017 or 2018—two or three years after the foreclosure and eviction proceedings. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 130:2 – 131:4, 132:2 – 133:7, 134:1 – 6, 138:8 –15.** | | |
| 59. | Plaintiff admits that he suffered his adverse medical conditions due to his discovery that the subject property was later sold to a third party—an act that was undertaken by Fannie Mae, not Defendant. **Dec. of Stoltzman at ¶ 8, Exhibit 4, at 132:2 – 133:7.** | 59. | |

DATED: June 17, 2022

THE RYAN FIRM
A Professional Corporation

By: _____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN JR.
Attorneys for Defendant Seterus, Inc.

22

**THE RYAN FIRM**
A Professional Corporation

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On June 17, 2022, I served the within document(s) described as:  **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION BY DEFENDANT SETERUS, INC. FOR SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AMENDED COMPLAINT AND EACH CLAIM PLED THEREIN** on the interested parties in this action:

☒      by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Office of Dennise Henderson<br>Dennise Henderson<br>1903 21st Street<br>Sacramento, CA 95811 | Tel:  (916) 456-2035<br>Fax: (916) 456-2027<br>Email:<br>dshendersonlaw@yahoo.com | Attorney for Plaintiff<br>Calvin Mountjoy |

☒      **CM/ECF** (U.S. District Court, Eastern District of California, Local Civil Rule 5-135)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 17, 2022, at Irvine, California.


_____/s/ Heather Morris_____
HEATHER MORRIS