UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN MOUNTJOY,

    Plaintiff,

  v.

SETERUS, INC.,

    Defendant.

No. 2:15-cv-02204-DJC-DB

<u>ORDER EXCLUDING TESTIMONY FROM PLAINTIFF'S FORMER SPOUSE</u>

    Two days into trial, Plaintiff Calvin Mountjoy seeks to introduce testimony from his former spouse, Tracy, a witness never disclosed. Plaintiff argues that Tracy will serve as a rebuttal witness, but Plaintiff has failed to comply with the procedures laid out in this Court's Trial Confirmation Order (ECF No. 118) for bringing in previously undisclosed witnesses, even as a purported rebuttal witness – let alone complying with the requirements of the Federal Rules of Civil Procedure. Therefore, for the reasons set forth below, the Court denies Plaintiff's request to introduce the testimony of his former spouse, Tracy.

////

////

////

## BACKGROUND

This case was initially removed to the Eastern District of California on October 22, 2015. (*See* ECF No. 1.) On May, 24, 2021, Plaintiff provided his Initial Disclosures, listing himself and a former member of his counsel, Attorney Kim Harrison, under his List of Witnesses. (*See* ECF No. 97-3 at 36 (providing a copy of Plaintiff's Initial Disclosures in Defendant's Exhibit 3 to its Motion for Summary Judgment).)

On December 7, 2023, this Court held the final pretrial conference between Plaintiff and Defendant Seterus, Inc. ("Seterus"). (*See* ECF No. 117.) Before the final pretrial conference, the Court, consistent with its Standing Order in Civil Cases, required the parties to file a Joint Pretrial Statement covering all of the topics detailed in Local Rule 281. (*See* Standing Order in Civil Cases at 6–7; ECF No. 113) L.R. 281 (Mar. 1, 2022). Relevant here, Local Rule 281 requires each party to "list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses." L.R. 281(a)(10). On December 6, 2023, Plaintiff filed his Pretrial Statement, where he disclosed his intended witness – only himself. (*See* Pl.'s Pretrial Statement (ECF No. 116) at 10.)

Following the final pretrial conference, the Court issued its Trial Confirmation Order, limiting the parties' witnesses to "those described in their pretrial statements." (*See* Trial Confirmation Order (ECF No. 118) at 2 (citing ECF Nos. 114, 116).) In the Trial Confirmation Order, the Court made clear: "The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet" one of two criteria. (*See* Trial Confirmation Order at 2–3.)

Moreover, the Trial Confirmation Order required the parties to submit a Joint Witness List, again disclosing their intended witnesses. (*See* Trial Confirmation Order at 5.) The parties filed a "Joint Witness List," where Plaintiff again disclosed that his only anticipated witness was himself. (*See* Joint Witness List (ECF No. 132) at 2.)

On February 5, 2024, this Court empaneled a jury and began the trial. (*See* ECF No. 142.) Following opening arguments, Plaintiff's counsel began her direct

examination of Plaintiff, which Plaintiff's counsel concluded on February 6, 2024. Following the conclusion of Plaintiff's direct examination, rather than cross-examine Plaintiff, Defense counsel decided to wait to call Plaintiff until Defendant began its case-in-chief. After Defense counsel's direct examination of Plaintiff, Plaintiff's counsel moved in-court to introduce the testimony of Tracy, Plaintiff's former spouse, to testify as to Plaintiff's initial interactions and loan modification with the previously-dismissed Defendant, Bank of America, N.A. During both counsels' direct examination of Plaintiff, questions elicited answers from Plaintiff that indicated that he did not know his personal finances because he did not handle them – Tracy did.

At the end of Defense counsel's direct examination of Plaintiff for the day, the Court addressed the issue of Tracy's testimony with the parties. The Court instructed the parties to file any supplemental authority or briefing on the issue by midnight, notifying the parties that a decision would be issued by the following morning before trial resumed on February 7, 2024. Seterus filed a brief, which the Court has considered.

## DISCUSSION

**I.     Exclusion Under This Court's Trial Confirmation Order Is Proper.**

As an initial matter, exclusion of Tracy's testimony is proper under the standard established by this Court's Trial Confirmation Order. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). In that Order, the Court specifically stated, in bold: "**The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**" (Trial Confirmation Order at 2). The first criterion, relevant here, allows for undisclosed witnesses where "[t]he party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference." (*Id.*)

Here, Plaintiff seeks to introduce Tracy's testimony as rebuttal evidence, but Plaintiff has failed to demonstrate that Tracy's testimony would be for a purpose not

reasonably anticipated at the pretrial conference held on December 7, 2023.  (*See* Trial Confirmation Order at 2.)  Seterus made clear its intent to dispute whether Plaintiff experienced a "material change" in his financial circumstances since the Motion for Summary Judgment and in its disclosed "Disputed Facts" in its Pretrial Statement.  (*See* ECF No. 97-4 at 10 (arguing in its Summary Judgment Motion that Plaintiff was not entitled to review of his loan modification application because "his June 2015 application was based on the same financial figures as his prior applications–which were denied."); ECF No. 114 at 3, 5; *see also* ECF No. 112 at 25 (holding at summary judgment that there was a material change in Plaintiff's financial circumstances).)  Moreover, Plaintiff's Deposition, taken on June 9, 2021, revealed already that "Tracy did all the stuff" related to the loan modification application, the finances, and interacting with Bank of America and some of the other Defendants that were involved in this case and the prior lawsuit.  (*See* ECF No. 97-3 at 74.)  Thus, Plaintiff cannot claim surprise regarding whether Plaintiff was credible to testify regarding his personal finances and cannot show how Tracy's testimony could not have been reasonably anticipated at the pretrial conference.  Indeed, the Court finds it notable that the initial trial testimony regarding Tracy handling the household finances came out in Plaintiff's counsel's direct examination of Plaintiff, further illustrating that she could have – and should have – anticipated this testimony.  While Plaintiff's theory of the case is not clear to the Court even at this late stage, to the extent that the amount of payment made under Plaintiff's mortgage is relevant, it should have been obvious to counsel that it was Tracy, not Plaintiff, who could testify to those payments.[1]

---

[1] While Plaintiff has not requested to modify the final pretrial order in this case, such relief would be improper.  Federal Rule of Civil Procedure 16(e) states that a "court may modify the order issued after a final pretrial conference only to prevent manifest injustice."  Modification of a final pretrial order is permitted only when (1) the opposing party would not sustain substantial injury; (2) refusal might result in injustice; and (3) inconvenience to the court is slight.  *See Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1432 n.2 (9th Cir. 1991) (citing *Angle v. Sky Chef, Inc.*, 535 F.3d 492, 495 (9th Cir. 1976)).  A district court is well within its discretion to exclude claims, defenses, evidence and witnesses not disclosed or identified in the final pretrial order.  *See Swinton v. Potomac Corp.*, 270 F.3d 794, 809 (9th Cir. 2001).  Indeed, a district court may exclude anything not disclosed in the pretrial order even where the non-movant suffers no prejudice because to permit otherwise would "frustrate the salutary

**II.     Exclusion Under Federal Rule of Civil Procedure 37(c)(1).**

Further, exclusion of Tracy's testimony is automatically proper under Federal Rule of Civil Procedure 37(c)(1).  A district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless.  See Merchant v. Corizon Health, Inc., 993 F.3d 733, 740 (9th Cir. 2021) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106–07 (9th Cir. 2001)).  However, because of the "automatic" nature of Federal Rule of Civil Procedure 37(c)(1), where a noncompliant party does not "avail himself of the opportunity to seek a lesser sanction[,]" id. at 741 (quoting Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018)), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[,]" id. (quoting Fed. R. Civ. P. 37(c)(1)).  Plaintiff has not provided substantial justification for the repeated failure to disclose Tracy as a potential witness and has failed to show how permitting Tracy's unknown testimony two days into trial would be harmless to Seterus.  Therefore, exclusion of Tracy's testimony is proper as a sanction.

First, Plaintiff cannot justify why he did not disclose Tracy earlier.  As explained above, whether Plaintiff would be credible to testify to his finances has been at issue since his deposition and whether Plaintiff experienced a material change in his financial circumstances has been at issue since summary judgment.  Moreover, Plaintiff offers no persuasive justification.  That his testimony at trial revealed that he did not handle his finances is not sufficient justification when he already disclosed that during his deposition.

---

purposes of pretrial conferences and excuse parties who disregard court orders." United States v. Lummi Indian Tribe, 841 F.2d 317, 321 (9th Cir. 1988).  The Court finds that the factors identified above weigh against granting relief.  Given Plaintiff's failure to disclose Tracy as a likely witness, Defendant has not been given a fair opportunity to prepare for her testimony.  Second, Plaintiff has not shown how payments under the mortgage are relevant to her claims, and they appear irrelevant on their face to several of them, including those under the Homeowner Bill of Rights and for Intentional Infliction of Emotional Distress.  Third, there would be an inconvenience to the Court as the trial would be significantly expanded beyond the estimate given by the Parties (see Trial Confirmation Order at 6), particularly where no party is prepared to conduct an effective examination of the witness.

Second, Plaintiff has failed to show how introduction of Tracy's testimony would be harmless to Seterus.  Seterus would have no way of deposing Tracy given that trial is underway and had no way of anticipating that Plaintiff would call Tracy to testify to matters that are of uncertain relevance to Plaintiff's legal claims and Seterus's affirmative defenses.  As a result, Plaintiff cannot show how introduction of Tracy's testimony would be harmless to Seterus.

## CONCLUSION

Counsel's failure to comply with basic discovery requirements and this Court's orders appears to be a pattern.  The docket includes multiple Orders to Show Cause.  Counsel ignored several deadlines in the Court's Trial Confirmation Order, including by failing to object to Motions in Limine to which she clearly is opposed.  As far as the Court can tell, Plaintiff's counsel in this case has largely failed to comply with her obligations under Rule 26(a).  Counsel has already been effectively forced to abandon claims for damages regarding medical care and harm to Plaintiff's credit when facing the likelihood of sanctions under Rule 37(c).  The Court will not countenance continued failure to follow the Federal Rules of Civil Procedure and this Court's orders.

For the reasons set forth above, Plaintiff's request to introduce the testimony of his former spouse, Tracy, is DENIED.

IT IS SO ORDERED.

Dated:  **February 7, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE